**Salem**
CLINCHFIELD COAL CO.

v.

GARRETT BARTON

No. 1041-87-3

Decided August 16, 1988

COUNSEL

Michael F. Blair (Penn, Stuart, Eskridge & Jones, on brief), for appellant.

Stephen Vickers (United Mine Workers of America, Legal Department, on brief), for appellee.

OPINION

**COLEMAN, J.** — We ruled on January 7, 1986, that an occupationally-induced gradual hearing loss was noncompensable under Code § 65.1-46 of the Workers' Compensation Act because it was an ordinary disease of life. *Belcher v. City of Hampton*, 1 Va. App. 312, 316, 338 S.E.2d 654, 656 (1986). On July 1, 1986, a new "ordinary disease of life" statute took effect making such a hearing loss compensable, provided it meets certain criteria. Code § 65.1-46.1. In this case we consider whether a claimant is precluded from receiving benefits when an earlier claim had been denied following *Belcher* and before the new statute took effect. Clinchfield Coal appeals the award of compensation to Garrett Barton for his occupationally-induced hearing loss. Clinchfield argues that claimant failed to prove that the loss was not caused by exposure outside the employment, and that the commission erred by awarding compensation for the entire hearing loss rather than for the increase since his previously denied claim. We affirm the commission except for the award of benefits for the hearing loss that had been previously adjudicated.

Claimant worked in appellant's coal mines for twenty-six years. His most recent position was as a car dropper. In August 1985, claimant was notified by Dr. Claude Crockett that he had a hearing loss due to work conditions. He filed a claim with the Industrial Commission. The commission denied the claim under the authority of *Belcher*, ruling that a hearing loss was a noncompensable ordinary disease of life. Barton continued his employment in the mines. In August 1986, Dr. Crockett again examined the claimant and found an increased loss of hearing in his right ear; Barton's left ear tested essentially the same as it had previously. After Barton received the communication of Dr. Crockett's latest diagnosis of an occupational disease, he again filed a claim.

Dr. Crockett's reports of August 15, August 25, 1986, and January 7, 1987, related claimant's hearing loss to his work at the mines. Claimant told the physician that he had been exposed to loud noise on the job, but he gave no history of nonemployment noise exposure. Dr. Crockett expressed some concern about the hearing loss pattern in which one ear had more loss than the other; he explained that when the loss is noise-induced, there is usually a similar loss in each ear. Dr. Roger Neal, who also examined Barton, opined that his hearing loss pattern was consistent with loud noise exposure.

The claimant testified that he had long been exposed to loud noise in his employment with Clinchfield. This testimony was unrefuted. Claimant also testified that he served in the army engineers from 1952 to 1954, that he saw no combat, and that he had gone through basic training but not artillery training. He testified that he did not hunt but that on occasion he had shot a .22 rifle between February 1985 and August 1986. The deputy commissioner awarded benefits for all of claimant's hearing loss and the full commission affirmed.

Clinchfield argues that Dr. Crockett's testimony that he was unable to determine what effect Barton's military service had on his hearing is fatal to Barton's claim because he has the burden to show by clear and convincing evidence to a reasonable medical certainty that the loss "did not result from causes outside of the employment." Code § 65.1-46.1. Clinchfield correctly states the burden of proof required for a claimant to prevail under Code § 65.1-46.1. However, we must view the evidence in the light most

favorable to the claimant. According to Barton and his wife his hearing loss was recent, his military service was non-combatant, he did not hunt, he occasionally shot a rifle, but he had been exposed daily to extremely loud noise while working in the mines for twenty-four years. The medical opinions of both doctors were unequivocal in establishing a causal relationship between the hearing loss and exposure to job related noise. The claimant introduced sufficient credible evidence to establish to a reasonable medical certainty that his hearing loss was caused by his employment.

The suggestion by the employer that during the employee's life he was on occasion exposed to other noise is insufficient to require us to disturb the commission's opinion. Further, the physician's inability to quantify the effect of Barton's military service on his hearing is not fatal. The Industrial Commission, as factfinder, was justified in concluding that Barton's loss was not caused by factors outside his employment based on his long term loud noise exposure on the job and the comparatively minor exposure elsewhere. *See Island Creek Coal Co. v. Breeding*, 6 Va. App. 1, 365 S.E.2d 782 (1988). Ample credible evidence supported the commission's finding of a compensable hearing loss; it will not be disturbed on appeal.

Clinchfield argues that even if the hearing loss is compensable, the benefits to which Barton is entitled are limited by *res judicata* principles to the hearing impairment occurring after the commission's denial of Barton's first claim. Because the employer does not argue that claimant is barred from bringing the action, but only that his claim for benefits cannot include any loss litigated in the previous claim, we confine ourselves to that question.

Both parties concede on brief that Barton's claim is based on a different cause of action, additional injurious exposure, different medical evidence, and a second diagnosis of an occupational disease. Therefore, this claim differs from the one in *Childress v. Beatrice Pocahontas Co.*, 6 Va. App. 88, 366 S.E.2d 722 (1988). In *Childress*, we held that a second claim for a hearing loss was not a new cause of action because it was based on the same medical results and evidence as the first claim. Thus, because there is no identity of issues between Barton's present and former claims, the *res judicata* bar applied in *Childress* does not preclude Barton's second claim. Moreover, because the employer argues issue-preclusion, the appropriate doctrine related to *res judicata* which

must be considered is collateral estoppel.[1]

> *Collateral estoppel* is the preclusive effect impacting in a subsequent action based upon a collateral and *different cause of action*. In the subsequent action, the parties to the first action and their privies are precluded from litigating any *issue* of fact[6] actually litigated and essential to a valid and final personal judgment in the first action.
>
> FN6. Collateral estoppel is applied with less vigor to issues of law.

*Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974).

Barton's first claim for benefits was necessarily predicated upon the statute which, as it existed at the time, categorized a hearing loss as an ordinary disease of life. To have succeeded on that claim, Barton would have had to have shown that his loss was a *compensable* ordinary disease of life—an incident of an occupational disease or an infectious disease contracted in a health care setting. *See* Code § 65.1-46 (1980 Rep. Vol.) (amended by 1986 Va. Acts. c. 378, codified at Code §§ 65.1-46 and 46.1). Under the new statute Barton was required to show that the hearing loss was "characteristic of the employment and was caused by conditions peculiar to such employment." Code § 65.1-46.1. Barton did not litigate, nor did the commission consider or decide in the first case whether his hearing loss was characteristic of mine work or whether the loss was caused by conditions peculiar to mine work. Barton had no right to claim benefits under a statute that did not exist at the time of the first action, and the grounds for relief offered by the new statute were not an issue in the original cause. Therefore, we hold that collateral estoppel does not preclude the commission from awarding benefits for the earlier loss.

Although we do not agree that *res judicata* or, more precisely, collateral estoppel, would bar benefits for the entire loss because the two claims lack identity of issue, we hold that because the employer obtained a vested right in the application of the law in effect at the time of the former decision and in the determination

---

[1] The four distinct forms of *res judicata* preclusive effects—merger, direct estoppel, bar, and collateral estoppel—are thoroughly discussed in *Bates v. Devers*, 214 Va. 667, 202 S.E.2d 917 (1974).

that the loss up to that point was a noncompensable one, Barton's recovery is limited to his loss suffered after the first claim. The employer, having acquired a vested right by the former noncompensability determination, may assert the doctrine of collateral estoppel to prevent the claimant from asserting that the settled claim becomes compensable based upon a change in the statute.

■ In *Island Creek Coal Co. v. Breeding*, 6 Va. App. 1, 365 S.E.2d 782 (1988), this court held that a claimant who received communication of a diagnosis of a hearing loss after the effective date of the new statute could receive benefits for losses that occurred prior to that date.

A statute is not unconstitutionally retroactive merely because it operates on facts which were in existence before its enactment. Rather, a statute is unconstitutionally retroactive when it interferes with rights which had vested or liabilities which had accrued prior to its passage.

*Id.* at 10, 365 S.E.2d at 787 (citations omitted).

■ A final judgment or decree, affirmed by an appellate court or not appealed within the time provided, creates in the party in whose favor it works a vested right, as such judgment depends on no future act, contingency, or decision to make it secure. *Cf. L. F. Bain & Son v. Boykin*, 180 Va. 259, 23 S.E.2d 127 (1942). The legislature is without power to divest one of a vested, constitutional right. U.S. Const. art. I, § 10; Va. Const. art. I, § 11; *Kennedy Coal Corp. v. Buckhorn Coal Corp.*, 140 Va. 37, 43, 124 S.E. 482, 484 (1924); *see also Parris v. Appalachian Power Co.*, 2 Va. App. 219, 229, 343 S.E.2d 455, 460 (1986). In *Breeding*, the claimant had litigated nothing prior to the August 1986 diagnosis. In contrast, Barton litigated and lost a hearing loss claim prior to the passage of the new statute. Clinchfield acquired a vested right in the final judgment that Barton's loss up to that point was noncompensable. While we are cognizant of the argument that under our ruling the diligent are penalized where the dilatory are rewarded, nevertheless, we believe the prevailing interest is that the vested rights of a litigant can not be altered by subsequent legislation. Such a retroactive application of the new statute to a previously litigated claim would be unconstitutional. The legislative branch could retroactively overrule a judicial decision in a specific case. Thus, we hold that the commission erred in

awarding Barton benefits for the entire hearing loss. We remand the claim for a decision and award in accordance with this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Duff, J., and Hodges, J., concurred.