**Salem**

NORMA JEAN WOOD

v.

ALLISON APPAREL MARKETING, INC.

and

AMERICAN INSURANCE COMPANY

No. 0978-89-3

Decided November 20, 1990

## Counsel

Terry M. Burt (The Legal Aid Society of Roanoke Valley, on brief), for appellant.

Dale W. Webb (Gentry, Locke, Rakes & Moore, on brief), for appellees.

## Opinion

WILLIS, J.—In this appeal, we consider (1) whether the Industrial Commission erred in failing to dismiss the claimant's application for workers' compensation benefits upon the employer's plea of *res judicata*[1], and (2) whether the finding of the Industrial Commission that the claimant failed to carry the burden of proof imposed by Code § 65.1-46.1 was supported by the evidence. We affirm the decision of the Industrial Commission.

In her June 2, 1988 application, the claimant, Norma Jean Wood, sought compensation from her employer, Allison Apparel Marketing, Inc., for carpal tunnel syndrome disability, which she alleged resulted from an industrial accident on September 19, 1987. By decision dated October 6, 1988, the deputy commissioner denied benefits, holding that the claimant had failed to prove that her disability resulted from an industrial accident. This decision was not reviewed and became final. *See* Code § 65.1-98.

---

[1] Employer's contention on appeal was submitted pursuant to provisions of Rule 5A:21(b) and (e). *See D'Auria v. D'Auria*, 1 Va. App. 455, 340 S.E.2d 164 (1986).

On October 13, 1988, the claimant filed a new application seeking compensation for the same disability, but contending that it resulted from an occupational disease. The employer, by letter of October 18, 1988, addressed to the commission with a copy to counsel for claimant, objected to the new application being heard on the ground that it was barred by the doctrine of *res judicata*. Without ruling on the defense of the doctrine of *res judicata*, the deputy commissioner to whom the matter was referred conducted a hearing and awarded benefits to the claimant. In its application for review, filed March 3, 1989, the employer noted its exception to the deputy commissioner's finding that the claimant's second application was not barred by *res judicata* and asked leave to present argument in support of that position. The case was set for hearing before the full commission on May 4, 1989. By letter of April 19, 1989, the employer set forth its position on the merits of the claim. In its opinion rendered on May 30, 1989, the full commission stated:

> Counsel for the employer objected to the docketing of the application for hearing on the grounds of *res judicata*. However, the case proceeded to hearing, over his objection, on November 14, 1988, and this defense was not raised again until the current review proceedings. Inasmuch as the employer's objection went only to the docketing of the case for hearing and there was no exception noted to the Claims Department's decision to docket the case, we find that the issue of *res judicata* now comes too late.

The commission is not bound by statutory or common law rules of pleading or evidence, nor is it bound by technical rules of practice. It is to conduct its hearings and make its investigations in such manner as to ascertain and determine expeditiously and accurately the substantial rights of the parties. Rule 1, Rules of the Industrial Commission. Counsel for the employer gave plain notice to the commission and to the claimant of its intention to interpose the defense of *res judicata*. We find nothing in the record to indicate that the employer ever waived or abandoned that position. The commission erred in failing to respond to that defense which was properly asserted and should have been considered.

While we hold that the commission erred in failing to entertain the employer's plea of *res judicata*, we further hold that the

plea nonetheless should have been denied on its merits. The doctrine of *res judicata*

> "proceeds upon the principle that one person shall not the second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined, upon the merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit."

*Ward v. Charlton*, 177 Va. 101, 115, 12 S.E.2d 791, 795-96 (1941) (quoting *United States v. California Bridge & Constr. Co.*, 245 U.S. 337, 341 (1917)).

In *Clinchfield Coal Co. v. Barton*, 6 Va. App. 576, 371 S.E.2d 39 (1988), the claimant filed an application in 1985 seeking compensation for hearing loss. This claim was denied as a noncompensable ordinary disease of life. The claimant then filed another application in 1986 seeking compensation for hearing loss based on a different cause of action, additional injurious exposure, different medical evidence, and a second diagnosis of an occupational disease. We held that since there was no identity of issues between the claimant's present and former claims the *res judicata* bar did not apply. *Id.* at 580, 371 S.E.2d at 41-42; *see also Childress v. Beatrice Pocahontas Co.*, 6 Va. App. 88, 366 S.E.2d 722 (1988); *Parris v. Appalachian Power Co.*, 2 Va. App. 219, 343 S.E.2d 455 (1986).

In this case, the second application for benefits set forth a different cause of action from that in the first. While the resultant disability was the same, the applications concerned injuries of different natures, derived from different circumstances, predicated upon different medical diagnoses, and involving different legal foundations. The deputy commissioner's determination that the claimant had not suffered injury by accident as claimed in the first application was not a determination of whether she suffered from an occupational disease as claimed in the second.

The parties agree that in order to prevail the claimant was required to satisfy the proof requirements of Code § 65.1-46.1. Thus, the claimant was required to prove by clear and convincing evidence to a reasonable medical certainty (1) that her carpal tun-

nel syndrome arose out of and in the course of her employment and not from causes outside of the employment; and (2) that it was characteristic of the employment and was caused by conditions peculiar to the employment. The commission found that this was essentially a medical question. Both doctors who examined and treated the claimant, when informed of her second job, were equivocal in ascribing the extent to which the carpal tunnel syndrome was attributable to either job. The commission made an analysis of the doctors' findings and concluded that the requisite burden of proof had not been met. Its finding in this regard is supported by the evidence and is binding on appeal. *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411, 302 S.E.2d 507, 510 (1983); Code § 65.1-98.

The judgment of the Industrial Commission is affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.