COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued by teleconference


FODI'S and AETNA CASUALTY & SURETY COMPANY,
 N/K/A TRAVELERS PROPERTY CASUALTY CORP.
                                        OPINION BY
v.        Record No. 1239-97-3     JUDGE SAM W. COLEMAN III
                                      FEBRUARY 3, 1998
KAREN RUTHERFORD

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Pamela Meade Sargent (White, Bundy, McElroy,
          Hodges & Sargent, on brief), for appellants.

          Paul L. Phipps (Lee & Phipps, P.C., on
          brief), for appellee.


     Fodi's and its insurer ("employer") appeal the Workers'

Compensation Commission's decision awarding Karen Rutherford

temporary total disability benefits based upon a change in

condition.  Employer argues that Rutherford's claim for

reinstatement of benefits based on a change in condition was

barred by the doctrine of res judicata because of the factual

findings made by the commission when deciding the initial claim.

 We disagree and affirm the commission's decision.

     Code § 65.2-101 defines a "change in condition" as "a change

in the physical condition of the employee as well as a change in

the conditions under which compensation was awarded, suspended,

or terminated which would affect the right to, amount of, or

duration of compensation."  When an employee applies for

reinstatement of disability benefits based upon a change in

condition, the commission must determine:  (1) whether a "change

in condition" has occurred as defined in Code § 65.2-101, that affects the employee's capacity to work, and (2) if so, whether the change is due to a condition causally connected with the original compensable injury. See King's Market v. Porter, 227 Va. 478, 483, 317 S.E.2d 146, 148 (1984). Where an application for a change in condition is filed for the sole purpose of presenting additional evidence in support of a claim that has previously been denied, res judicata will bar reconsideration of the claim. Mize v. Rocky Mount Ready Mix, Inc., 11 Va. App. 601, 401 S.E.2d 200 (1991); AMP, Inc. v. Ruebush, 10 Va. App. 270, 391 S.E.2d 879 (1990). However, res judicata does not bar a claim for resumption of benefits when a "change in condition," as contemplated by the Code, has occurred which has not been previously considered by the commission. Accordingly, the sole question in this appeal is whether Rutherford alleged and proved that a "change in condition" occurred following her last application for benefits.

In adjudicating Rutherford's initial claim, the commission found that she suffered a compensable injury by accident when she sprained her neck at work on May 6, 1995. The commission further found that the sprain had subsided as of May 30, 1995 and awarded benefits limited to that period. It concluded that Rutherford's neck and back pain that continued after May 30, 1995 were not caused by her neck injury but, rather, were attributable to a Harrington rod inserted in her spine when she was twelve years

old to correct a degenerative spine condition.  As a result, the commission awarded temporary total disability benefits from the date of injury to May 30, 1995.

Following the last award, Dr. Donald Chan removed the upper tip of the Harrington rod but Rutherford's pain persisted.  Dr. Chan described how Rutherford's condition "worsened despite [the] hardware removal."  Dr. Chan determined that Rutherford required surgery for herniated and bulging cervical discs.  After performing the surgery, Dr. Chan opined in a letter to counsel that Rutherford's "work related injury probably aggravated her previous condition making it symptomatic enough so she subsequently had to undergo surgery on her neck."

One who asserts the defense of res judicata has the burden of proving by a preponderance of the evidence that an issue was previously raised and decided by a tribunal in a prior cause of action.  See Worrie v. Boze, 198 Va. 533, 538, 95 S.E.2d 192, 197 (1956); Commonwealth ex. rel. Gray v. Johnson, 7 Va. App. 614, 618, 376 S.E.2d 787, 789 (1989).  Employer contends that Rutherford claimed in her initial application that her injury was disabling after May 30, 1995 and that, in applying for reinstatement of benefits, she has merely introduced additional evidence in support of that claim but has shown no change in condition.  We disagree.

Certainly, Rutherford claimed in her original application that she was disabled after May 30, 1995.  The commission's award

finding that she established disability only through that date was final. However, the record reveals that Rutherford alleged and proved a change in her physical condition. Dr. Chan explained that Rutherford's condition "worsened" and became "symptomatic enough" to require surgery. Although she presented evidence from Dr. Chan at the first hearing concerning the fact that she had a herniated disc, the commission's adjudication of her initial claim does not operate to bar her claim that her condition has subsequently worsened or became symptomatic, rendering her disabled and requiring surgery. Rutherford's change in condition claim was based upon medical circumstances different from those considered in the initial proceedings. Thus, the employer has failed to show that the condition which was the subject of claimant's current application was the same condition or claim that was made in her original application. Accordingly, we affirm the commission's reinstatement of temporary total disability benefits.

<u>Affirmed.</u>
