COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


ARAMARK CORPORATION AND
 NATIONAL RELIANCE INSURANCE COMPANY

MEMORANDUM OPINION[*] BY
v.    Record No. 0921-99-2          JUDGE ROSEMARIE ANNUNZIATA
                                              MARCH 14, 2000
VIRGINIA I. TERRY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

S. Vernon Priddy, III (Cecil H. Creasey, Jr;
Sands, Anderson, Marks & Miller, on briefs),
for appellants.

(Thomas J. Schilling, on brief), for
appellee.  Appellee submitting on brief.


Aramark Corporation and its insurer, Reliance National

Insurance Company ("appellants") appeal from a decision of the

Workers' Compensation Commission awarding temporary partial

disability benefits ("TPD") to Virginia I. Terry.  On appeal,

appellants contend 1) that Terry failed to establish a change in

condition warranting TPD for the period claimed; 2) that the

commission erroneously found that Terry established a causal

connection between her claimed disability and the compensable

injury she sustained; and 3) that the doctrine of res judicata

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

bars Terry's claim.  We agree, and reverse the commission's decision.

BACKGROUND

Terry was employed by Aramark at Randolph-Macon College in Ashland, Virginia as a food service worker.  While on the job, she suffered an injury to her lower back and left knee on May 16, 1996.  Immediately following her accident, Terry sought treatment with Dr. Kimberly Smith, who diagnosed her as suffering from a lumbar sprain and a sprained knee.  Dr. Smith noted that Terry had a prior history of back problems and a previous injury to her left knee.  On May 21, 1996, Dr. Smith referred Terry to Dr. Steven Fiore, who met with Terry on May 23, 1996 and again on June 13, 1996.  Dr. Fiore, in turn, referred Terry to Dr. William Brickhouse, who examined Terry on June 24, 1996, and also took note of her prior back and knee problems.

On September 10, 1996, Dr. Brickhouse reported some improvement in Terry's condition and authorized her return to work on a Functional Capacity Evaluation form.  He noted that Terry had worked under certain physical restrictions even prior to her accident and that he believed she could work "at least [at] that level."  He completed a "work status report" in which he stated that Terry could work from six to eight hours per day. Later, on June 12, 1997, Dr. Brickhouse reported that Terry's

total period of disability was from May 23, 1996 through September 19, 1996, at which time she was capable of returning to work and performing her pre-injury duties. Even on June 17, 1997, however, Dr. Brickhouse noted that Terry continued to suffer from "lumbar disc derangement and synovitis [of] both knees."

On January 8, 1997, Terry filed a claim seeking an award of temporary total disability benefits ("TTD") beginning on May 16, 1996, the date of the accident. At a hearing before the deputy commissioner on June 17, 1997, Terry amended her claim by dropping her demand for continuing disability benefits. Instead she sought TTD for a period ending on February 2, 1997. The deputy commissioner issued an opinion on July 22, 1997, awarding Terry TTD for the period from May 17, 1996 through August 15, 1996, and also for the period from November 6, 1996 through November 11, 1996. Terry also was awarded TPD for the period from November 12, 1996 through February 2, 1997. Appellants then sought review from the full commission.

Upon review, Terry agreed to a stipulation that the disability she experienced during the period from November 6, 1996 through February 3, 1997 was not causally connected to her accident of May 16, 1996. The commission accepted this stipulation, affirmed Terry's award of benefits through August

15, 1996, and reversed the award of benefits for the period of November 6, 1996 through February 2, 1997.

On June 17, 1997, Terry filed a second claim in which she alleged a change in condition, and requested ongoing TTD for a period beginning on March 27, 1997 and continuing indefinitely. The deputy commissioner heard argument on October 6, 1998, in which appellants contended that Terry was not disabled during the period alleged, that any disability she may have experienced during that time was not causally related to her injury, and that the relief she sought was barred by her stipulation in the prior claim. Terry responded that she had experienced a change in condition in the period specified in her claim and that she was not barred by her earlier stipulation. Although the commissioner found that Terry was only partially disabled for the period in question, he nevertheless ruled that Terry had established a change in condition and that she was not barred by res judicata as a result of her previous stipulation, and awarded her TPD for the specified period. The full commission affirmed these conclusions, and appellants noted their appeal to this Court.

### ANALYSIS

Appellants argue that Terry cannot establish a change in condition for the period beginning March 27, 1997 because the evidence upon which she relies is a letter from Dr. Brickhouse

of May 8, 1997, a document introduced as evidence at the hearing on her first claim.  Because she stipulated at the hearing that her disability at that time was not causally related to her industrial accident, appellants contend that Terry cannot rely upon the letter to evidence a "change in condition" with respect to the period beginning on March 27.  We agree.

Code § 65.2-101(4) defines a "change in condition" as "a change in physical condition of the employee as well as any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation."  See Fodi's v. Rutherford, 26 Va. App. 446, 448, 495 S.E.2d 503, 504 (1998).  King's Market v. Porter, 227 Va. 478, 317 S.E.2d 146 (1984), controls the determination of whether Terry's claim qualifies under Code § 65.2-101(4) as a "change in condition" sufficient to warrant a resumption of disability benefits.  In King's Market, the Virginia Supreme Court set forth a two-pronged test for reinstating disability benefits where the employer seeks to terminate benefits on a change of condition application because the disability has ceased.

> [T]he only question is whether the
> employee's prior condition of work
> incapacity has changed; the question of
> causal connection is not an issue.  On the
> other hand, when an employee files an
> application for reinstatement of disability
> benefits, two questions arise:  1) has there
> been a change in the employee's capacity to

> work; 2) if so, is the change due to a condition causally connected with the injury originally compensated.

Id. at 483, 317 S.E.2d at 148; see Hercules, Inc. v. Carter, 13 Va. App. 219, 223, 409 S.E.2d 637, 639-40 (1991).

Terry's change in benefit status clearly fails the first prong of the test. The only change she has asserted is that she "went from a period of not receiving workers' compensation to a change in that condition, as she sought temporary total disability beginning March 27, 1997." Such a change in benefit status has no bearing upon the claimant's capacity to work. Furthermore, Terry's disability failed to satisfy the second prong of the King's Market test. Nothing in Terry's medical records after the date of the hearing on the first claim demonstrates a "change due to a condition causally connected with the injury" for which she originally sought compensation. King's Market, 227 Va. at 483, 317 S.E.2d at 148. Indeed, Dr. Brickhouse outlined the history of Terry's treatment with him in a letter to the commission, dated May 8, 1997, and confirmed that as of the date of the letter Terry continued to experience back and knee pain which he attributed to 1) degenerative disc and joint disease of the lumbar spine, and 2) mild degenerative changes in her knees. Dr. Brickhouse also stated in a note dated June 17, 1997, that Terry complained of continued knee pain, and he reported that she had not returned to work since

November, 1996, because of her knee and back problems.  Terry's statements, reported by Dr. Brickhouse, demonstrate that her disability following March 27, 1997 was the same as that which she experienced in the period from November, 1996 through February 2, 1997, which, by stipulation, she conceded was not causally connected to her industrial accident.  Her condition therefore remained unchanged from the first period to the second.

Finally, Terry's claim of disability in the second proceeding is barred by the doctrine of res judicata.  See Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (en banc) (res judicata applies to decisions of the commission); Allegheny Airlines, Inc. v. Merillat, 14 Va. App. 341, 343-44, 416 S.E.2d 467, 469 (1992) (where claims relate to different periods of time and the claim in the second proceeding is supported by different evidence than was offered in the first proceeding, res judicata does not apply).

Although Terry's second claim relates to a different period of time than that claimed in the first proceeding, the medical evidence she offered in the second proceeding was identical to that offered in the first proceeding, viz. the May 8, 1997 letter from Dr. Brickhouse.  Her claim is thus barred by res

judicata.  See Merillat, 14 Va. App. at 343-44, 416 S.E.2d at 469.

For the foregoing reasons, we reverse the decision of the commission.

Reversed.