COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


BILLY E. TIBBS, JR.

                                        MEMORANDUM OPINION*
v.    Record No. 2152-00-3                  PER CURIAM
                                         FEBRUARY 27, 2001
ISLAND CREEK COAL COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Billy E. Tibbs, Jr., pro se, on briefs).

          (Michael F. Blair; Lisa Frisina Clement; Penn
          Stuart, on brief), for appellee.


     Billy E. Tibbs, Jr. (claimant) contends that the Workers'

Compensation Commission erred in denying his application

alleging a change in condition on the ground that it was barred

by the doctrine of res judicata.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     In denying claimant's application, the commission found as

follows:

          [C]laimant had long-standing pre-existing
          back problems associated with degenerative
          disc disease.  There is no dispute that in
          September of 1997, he suffered strains of
          the left knee, left leg and lower back.
          However, as found by Deputy Commissioner

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Bruner in his Opinion of April 10, 1998, the medical evidence preponderated in establishing that the compensable strains had resolved and that the claimant had returned to his pre-injury condition.

When the claimant submitted his change in condition application in May of 1998, he continued to complain of disability causally related to problems with his severe degenerative disc disease. After reviewing the voluminous medical record, however, the Deputy Commissioner found that the claimant had recovered from his minor strains and sprains, and found "that symptoms caused by the degenerative disease claimant has were not caused, precipitated or aggravated by the September 26, 1997 accident." We affirmed the Deputy Commissioner's Opinion, none of the parties sought an appeal before the Court of Appeals, and the decision became final.

The medical evidence upon which claimant primarily relies in this application is Dr. [Paul C.] Peterson's April 8, 1999 letter, in which he reports his belief that the claimant's degenerative disc disease was causally related to the compensable accident. Dr. Peterson has not identified any new condition, or suggested that the claimant has, subsequent to his previous change in condition application, developed any different form of degenerative disc disease or symptomology. The claimant has introduced no evidence that would suggest that the causal relationship between the injury by accident and his current condition could not have been determined prior to the present application. Dr. Peterson has merely offered an opinion as to the cause of the claimant's symptomatic degenerative disc disease that is contrary to those that formed the basis of the Commission's decision on the claimant's earlier change in condition application.

Because the Deputy Commissioner's earlier opinion finding that the claimant's

-

ongoing complaints associated with degenerative disc disease were not "caused, precipitated or aggravated" by the compensable accident is final, the claimant cannot now re-litigate the issue merely because he has acquired a new, contrary opinion of causation.

In Fodi's and Aetna Cas. & Sur. Co. v. Rutherford, 26 Va. App. 446, 495 S.E.2d 503 (1998), we recognized the following:

> Code § 65.2-101 defines a "change in condition" as "a change in the physical condition of the employee as well as a change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation." When an employee applies for reinstatement of disability benefits based upon a change in condition, the commission must determine: (1) whether a "change in condition" has occurred as defined in Code § 65.2-101, that affects the employee's capacity to work, and (2) if so, whether the change is due to a condition causally connected with the original compensable injury. Where an application for a change in condition is filed for the sole purpose of presenting additional evidence in support of a claim that has previously been denied, res judicata will bar reconsideration of the claim.

Id. at 448, 495 S.E.2d at 504 (citations omitted).

Here, credible evidence supports the commission's finding that claimant's application was barred by the doctrine of res judicata. Claimant's award was terminated on April 10, 1998 based upon the deputy commissioner's finding that claimant no longer suffered from a disability that was causally related to his compensable September 26, 1997 injury by accident. The

-

deputy commissioner found that the evidence failed to prove that claimant's degenerative disc disease was a result of or aggravated by the September 26, 1997 incident.  Furthermore, on April 30, 1999, the commission affirmed Deputy Commissioner Burchett's decision denying claimant's application alleging a change in condition on the ground that he failed to prove that his degenerative disc disease was caused by or aggravated by the September 26, 1997 incident.  Thus, prior to claimant's January 25, 1999 application, it had twice been determined that claimant's ongoing disability was the result of degenerative disc disease that was not caused by or aggravated by his compensable accident.  Accordingly, the commission correctly concluded that claimant's January 25, 1999 change in condition application, alleging that his degenerative disc disease, the accompanying treatment, and resulting disability were caused by or aggravated by his September 26, 1997 work-related accident, was barred by the doctrine of res judicata.  Where an employee seeks a change in condition with both incapacity and causation in issue after the rejection of a previous application, the new application is barred by res judicata, when the only new evidence is a change in the physician's opinion on the issue of causation.  See Amp, Inc. v. Ruebush, 10 Va. App. 270, 275, 391 S.E.2d 879, 882 (1990).

Based upon this record, the commission did not err in applying the doctrine of res judicata to bar claimant's January

-

25, 1999 application alleging a change in condition.  Because our ruling on the <u>res</u> <u>judicata</u> issue disposes of this appeal, we need not address the causation issue raised by claimant.

<u>Affirmed.</u>