COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Senior Judge Hodges


SPOTSYLVANIA (COUNTY OF) LAW
 ENFORCEMENT AND VIRGINIA
 MUNICIPAL GROUP SELF-INSURANCE ASSOCIATION

                                    MEMORANDUM OPINION*
v.   Record No. 1158-02-2               PER CURIAM
                                     OCTOBER 22, 2002
WILLARD BATES UPSHAW, JR.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ralph L. Whitt, Jr.; Michael P. Del Bueno;
            Whitt & Associates, on brief), for
            appellants.

            (Wesley G. Marshall, on brief), for appellee.


     Spotsylvania (County of) Law Enforcement and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred in finding that the doctrine of

res judicata barred employer's July 6, 2001 change-in-condition

application.  The application alleged that Dr. James B. Macon

released Willard Bates Upshaw, Jr. (claimant) to return to his

pre-injury work on or before June 25, 2001.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On June 6, 2000, claimant sustained a compensable back injury. Employer accepted the claim, and the commission entered awards for various periods of temporary total and temporary partial disability.

On February 23, 2001, employer filed an application seeking to terminate claimant's benefits on the ground that he was terminated for cause from selective employment. On March 13, 2001, claimant filed an application seeking temporary total disability benefits from February 23, 2001 and continuing.

During June 2000, claimant began treatment with Dr. Macon. Dr. Macon diagnosed claimant as suffering from a lumbosacral strain, lumbar degenerative disc disease at L4-5 and L5-S1, and a post-concussive syndrome. On October 12, 2000, Dr. Macon released claimant to a light-duty sitting job. On January 30, 2001, Dr. Macon revised claimant's work status by restricting him from working more than four hours without breaks.

On February 16, 2001, employer terminated claimant from selective employment. On March 13, 2001, claimant returned to Dr. Macon, who excused claimant from all work at that time.

In his May 3, 2001 deposition, Dr. Macon testified that he removed claimant from work on March 13, 2001 because of claimant's subjective complaints that he could not sit, and he had a limp and numbness. Dr. Macon testified that he restricted claimant from all work until June 1, 2001. Dr. Macon testified that after June 1, 2001, he would re-evaluate claimant's work

- 2 -

status.  Dr. Macon opined that if a job was available that allowed claimant to sit, stand and walk around as needed as of June 1, 2001, he would release claimant to perform that job. Dr. Macon testified that claimant could perform his pre-injury job as a communications operator if he was given a headset, allowed to stand while working, and the job did not require prolonged sitting, heavy lifting, bending, twisting, crawling, or climbing.  Dr. Macon's medical records and his May 3, 2001 deposition testimony were before the deputy commissioner at the June 4, 2001 hearing and considered by her in rendering her June 15, 2001 opinion.

In her June 15, 2001 opinion, the deputy commissioner ruled that claimant's termination from selective employment constituted an unjustified refusal of selective employment, but the refusal did not constitute a termination for justified cause.  She further ruled that claimant proved he was totally disabled from March 13, 2001 through April 19, 2001 and that he cured his refusal of selective employment on April 20, 2001, by finding employment with a new employer, earning more that he earned in his selective employment with employer.  The deputy commissioner's June 15, 2001 opinion was not appealed by either party.

On July 6, 2001, employer filed a change-in-condition application alleging claimant was released to return to his pre-injury work on or before June 25, 2001.  As support for its

- 3 -

application, employer relied upon Dr. Macon's May 3, 2001 deposition testimony and Dr. Macon's June 25, 2001 handwritten response to a questionnaire sent to him by employer's counsel. In the questionnaire, employer's counsel asked Dr. Macon for his opinion as to whether claimant was physically capable of performing his regular job as a communications operator. Dr. Macon responded that he was "unable to add any comments other than included in deposition."  Employer also included the affidavit of John Brown, employer's director of emergency communications, in which Brown indicated that claimant had available to him and was allowed to use a headset in his job as a communications operator, and that he was allowed to sit, stand, walk, or otherwise change positions as needed.

The commission ruled that res judicata barred employer's July 6, 2001 application on the ground that the issue of whether claimant's pre-injury job allowed him to stand as needed was previously decided against employer.  The commission found as follows:

> The employer's present application is premised on the allegation that the claimant's pre-injury job allowed him to stand as needed, thus, meeting Dr. Macon's opinion that the claimant could do his regular job as a communications operator if he could stand as needed.  We agree with the Deputy Commissioner that the employer cannot now raise this issue.
>
> At the first hearing, testimony was taken as to whether the pre-injury job allowed the claimant to stand as needed.

- 4 -

John Brown testified a communications operator "can take calls while standing." ["]The claimant denied that he could get up and move around as desired but testified he supposed he could move between calls or stand during calls."

Deputy Stevick did not make a specific finding as to whether the pre-injury job allowed the claimant to stand as needed. However, her finding that it did not is implicit in her Award of temporary partial benefits. If she were of the opinion that the claimant could do his pre-injury work, then she would not have awarded temporary partial benefits when the claimant found alternative light-duty work on April 20, 2001. If she thought the claimant could do his pre-injury job, (i.e. he could stand as needed) she would have terminated his award then. Instead, she found the claimant cured his refusal and awarded partial benefits, which indicates she did not think he could do his pre-injury job. That decision was not appealed and is final.

In Lowes of Christiansburg v. Clem, 37 Va. App. 315, 557 S.E.2d 745 (2002), we recognized as follows:

[I]n a proper case "principles of res judicata apply to Commission decisions." Where applicable, the principle "bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." "One who asserts the defense of res judicata has the burden of proving by a preponderance of the evidence that an issue was previously raised and decided by [the commission] in a prior cause of action."

Id. at 322, 557 S.E.2d at 748 (citations omitted). Furthermore, "'the commission is entitled to interpret its own orders in determining the import of its decisions . . . and to examine the opinion of the deputy commissioner as a whole in order to

ascertain the result intended.'" Id. at 323, 557 S.E.2d at 748 (citation omitted).

Here, the commission could reasonably conclude that in the deputy commissioner's June 15, 2001 opinion, she implicitly found that claimant could not perform his pre-injury job by awarding him temporary partial disability benefits beginning April 20, 2001 and continuing. Employer presented no new medical evidence to support its July 6, 2001 change-in-condition application alleging that Dr. Macon had released claimant to return to his pre-injury work on or before June 25, 2001. Rather, employer relied upon Dr. Macon's May 3, 2001 deposition testimony, which had already been considered by the deputy commissioner, along with evidence regarding claimant's pre-injury job duties, in rendering her June 15, 2001 opinion. Thus, the issue of claimant's ability to perform his pre-injury job based upon Dr. Macon's medical records and Dr. Macon's May 3, 2001 deposition testimony was or could have been litigated before the deputy commissioner at the June 4, 2001 hearing and was necessarily determined by her in her June 15, 2001 opinion. Accordingly, the commission did not err in finding that employer's July 6, 2001 application was barred by res judicata.

For these reasons, we affirm the commission's decision.

Affirmed.

- 6 -