COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


JOHN DAVID WHEELER
                                   MEMORANDUM OPINION*
v.    Record No. 2881-02-3              PER CURIAM
                                      MARCH 4, 2003
CAREY CORPORATION AND
 TRAVELERS INDEMNITY COMPANY OF ILLINOIS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Charles R. Allen, Jr., on brief), for
          appellant.

          (Jonnie L. Speight; Lisa Pierce Laughon;
          Johnson, Ayers & Matthews, on brief), for
          appellees.


     John David Wheeler (claimant) contends the Workers'

Compensation Commission erred in finding that his June 12, 2002

application for medical benefits was barred by the doctrine of

res judicata, pursuant to Deputy Commissioner Costa's March 28,

2002 opinion.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

          We have held that in a proper case
          "principles of res judicata apply to
          Commission decisions."  Where applicable,
          the principle "bars relitigation of the same
          cause of action, or any part thereof which

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

could have been litigated between the same parties and their privies." "One who asserts the defense of res judicata has the burden of proving by a preponderance of the evidence that an issue was previously raised and decided by [the commission] in a prior cause of action."

Lowes of Christiansburg v. Clem, 37 Va. App. 315, 322, 557 S.E.2d 745, 748 (2002) (citations omitted).

In ruling that claimant's June 12, 2002 claim was barred by the doctrine of res judicata, the commission summarized the findings of Deputy Commissioner Costa in his March 28, 2002 opinion as follows:

> [T]here had never been a definitive determination that the claimant sustained anything other than a soft-tissue injury to his lower back as a result of his November 30, 1999, accident. . . . "Although the claimant was admittedly found to have degenerative disc disease at multiple levels of his lumbar spine when he underwent his first MRI on February 29, 2000, disc disease is a degenerative rather than a traumatic condition. Moreover, the disk bulging appreciated by the radiologist did not, according to Dr. Harron's April 17, 2000 evaluation, warrant surgical intervention." Referring to the medical diagnoses and conclusions of Dr. Murray Joiner and Dr. Raymond V. Harron, the deputy commissioner wrote, "Because two physicians who have had long-standing involvement with the claim differ with the claimant [who had opined that his current condition was an exacerbation of his 1999 injury], we adopt their views as our own, and deny the claimant's request for payment of medical bills incurred after January 4, 2001 and compensation beyond the suspension date."

Neither party sought review of the March 28, 2002 opinion.

- 2 -

On June 12, 2002, claimant filed a claim seeking to hold employer responsible for the cost of fusion surgery related to his November 30, 1999 injury by accident and needed to address the disc disruption at the L5-S1 level. Claimant relied upon the April 10, 2002, April 22, 2002, and May 17, 2002 reports of Dr. Gregory D. Riebel, an orthopedic surgeon.

Here, credible evidence supports the commission's finding that claimant's June 12, 2002 claim seeking to hold employer liable for medical expenses related to the fusion surgery proposed by Dr. Reibel was barred by the doctrine of res judicata. In his March 28, 2002 opinion, Deputy Commissioner Costa ruled that "we cannot reasonably conclude that the claimant sustained any discal pathology as a result of the accident." The issue of employer's liability for the cost of fusion surgery to address disc herniation at the L5-S1 level was before Deputy Commissioner Costa at the March 26, 2002 hearing. Thus, prior to claimant's June 12, 2002 claim, the commission made a final determination on the merits that proposed surgery at the L5-S1 level was not causally related to the November 30, 1999 injury by accident.

Accordingly, based upon this record, the commission did not err in applying the doctrine of res judicata to bar claimant's June 12, 2002 claim seeking to hold employer responsible for the cost of the fusion surgery recommended by Dr. Reibel.

Affirmed.

- 3 -