COURT OF APPEALS OF VIRGINIA


Present:  Judge Annunziata, Senior Judges Hodges and Coleman


ESTATE OF NORMAN RAY PELFREY
                                        MEMORANDUM OPINION*
v.    Record No. 0647-03-3                  PER CURIAM
                                          JULY 8, 2003
SAM V. SORAH T/A SAM'S GUN SHOP AND
 UNINSURED EMPLOYER'S FUND


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (D. Edward Wise, Jr.; Arrington, Schelin &
            Herrell, P.C., on brief), for appellant.

            (Jerry W. Kilgore, Attorney General; John J.
            Beall, Jr., Senior Assistant Attorney
            General; James W. Osborne, Special Counsel
            and Assistant Attorney General, on brief),
            for appellee Uninsured Employer's Fund.

            No brief for appellee Sam V. Sorah t/a Sam's
            Gun Shop.


     The Estate of Norman Ray Pelfrey contends the Workers'

Compensation Commission erred in ruling (1) it lacked

jurisdiction to consider the claim filed by Kitty L. Pelfrey

(claimant) because employer had less than three employees

regularly employed within the Commonwealth on August 10, 2000,

the date of Pelfrey's injury and death; and (2) the doctrine of

res judicata did not apply to bar the deputy commissioner from

reconsidering whether the commission had jurisdiction.  Upon

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

### Jurisdiction

> Under Code § 65.2-101, employers with fewer than three employees are exempt from coverage under the Workers' Compensation Act. The employer has the burden of producing evidence that it is exempt from coverage. "What constitutes an employee is a question of law, but whether the facts bring a person within the law's designation, is usually a question of fact." We are bound by the commission's findings of fact if those findings are supported by credible evidence. On appeal, we construe the evidence in the light most favorable to the employer, the party prevailing below.

Osborne v. Forner, 36 Va. App. 91, 95, 548 S.E.2d 270, 272 (2001) (footnote omitted) (citations omitted).

Pursuant to Code § 65.2-101, the term "Employee" includes "every executive officer, including president, vice president, secretary, treasurer or other officer" of a corporation, except for certain executive officers who have rejected coverage pursuant to Code § 65.2-300.[1]

In ruling that employer proved by a preponderance of the evidence that it had fewer than three employees regularly in service within the Commonwealth at the time of Pelfrey's injury and death, the commission found as follows:

---

[1] It was undisputed that neither Sam nor Mary Sorah filed the required rejection notice with the commission.

- 2 -

The Deputy Commissioner credited the testimony of Sam and Mary Sorah and, based on this testimony, concluded that the employer regularly employed fewer than three employees at the time of the claimant's injury. Mr. Sorah testified that his mother resigned as the employer's secretary, treasurer, and director before the claimant's injury and death, leaving him as the employer's sole officer, director and shareholder, and Mrs. Sorah substantiated her son's testimony. We find no reason to disturb the Deputy Commissioner's credibility determination.

We also find that the Deputy Commissioner's decision is supported by the documentary evidence, and, in particular, the minutes from the employer's board of directors' meeting on March 5, 2000, reflecting Mrs. Sorah's immediate resignation. Pursuant to Code § 13.1-695, an officer may resign from a corporation "at any time by delivering notice to the corporation" and pursuant to Code § 13.1-679, a corporate director can resign at any time by "delivering written notice to the board of directors, its chairman, the president or the secretary." Mrs. Sorah testified that she told her son, the employer/corporation's president, that she wished to resign. She also signed the minutes from the meeting on March 5, 2000, and these minutes provided written notice that she was being "removed from all association with the corporation due to her health." Under the circumstances, we find that as of March 5, 2000, before the decedent's injury and death, the employer had no more than two employees regularly in service in the Commonwealth-that is, Mr. Sorah and the decedent.

The commission, as fact finder, found the testimony of Sam and Mary Sorah to be credible. It is well settled that credibility determinations are within the fact finder's

- 3 -

exclusive purview.  Goodyear Tire & Rubber Co. v. Pierce, 5

Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  Their testimony,

coupled with the written minutes of the March 5, 2000 Board of

Directors' meeting, established that Mary Sorah orally and in

writing resigned as an officer and director of the corporation

as of March 5, 2000.  That testimony and the written minutes

constitute credible evidence to support the commission's factual

findings that Mary Sorah was not an "employee" at the time of

Pelfrey's injury and death on August 10, 2000.  Accordingly, we

cannot disturb those findings on appeal.  Based upon those

findings, the commission did not err in determining that the

employer had only two employees regularly in service within the

Commonwealth on the date of Pelfrey's injury and death and,

therefore, was not subject to the Act.

## Res Judicata

Claimant argues that the commission was barred by the

doctrine of res judicata from considering the issue of

jurisdiction because that issue was previously litigated when

Deputy Commissioner Herring rejected the parties' voluntary

submission of a proposed settlement on August 8, 2001.  In his

August 8, 2001 letter to the parties and J. Jasen Eige,

employer's counsel, Deputy Commissioner Herring wrote as

follows:

> After careful review of the materials
> submitted to me in the settlement of this

claim, I regret that I am unable to enter the proposed order. . . .

   *      *      *      *      *      *      *

For Mr. Eige's [employer's counsel] benefit, I note that the firm's annual report on file with the State Corporation Commission at the time of Mr. Pelfrey's death listed two corporate officers, Sam and Mary J. Sorah. Mr. Pelfrey, as the third employee, would bring the firm within coverage of the Workers' Compensation Act and consequently, subsection 65.2-512(A).

   *      *      *      *      *      *      *

This case is returned to the Commission's claims department for referral to the hearing docket.

(Footnote omitted.)

In Lowes of Christiansburg v. Clem, 37 Va. App. 315, 557 S.E.2d 745 (2002), we recognized that

in a proper case "principles of res judicata apply to Commission decisions." Where applicable, the principle "bars relitigation of the same cause of action, or any part thereof which could have been litigated between the same parties and their privies." "One who asserts the defense of res judicata has the burden of proving by a preponderance of the evidence that an issue was previously raised and decided by [the commission] in a prior cause of action."

Id. at 322, 557 S.E.2d at 748 (citations omitted). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

- 5 -

In ruling that the doctrine of res judicata did not bar Deputy Commissioner Burchett from considering whether the commission had jurisdiction to consider claimant's claim against the employer, the commission found as follows:

> We find that the Deputy Commissioner's statement regarding the employer's corporate officers within his letter rejecting the proposed settlement did not constitute a final judgment in the claimant's favor to which the doctrine of res judicata applies. There is also no evidence that the issue of the number of "employees" was ever actually "litigated" before Deputy Commissioner Herring.

The record established that the employer, claimant, and the Uninsured Employer's Fund neither actually litigated nor could have finally litigated the issue of the number of employees regularly in service in the Commonwealth at the time of Pelfrey's injury and death before Deputy Commissioner Herring when he considered whether to approve the settlement agreement. In addition, the Uninsured Employer's Fund was not before the commission at that time. Deputy Commissioner Herring considered the proposed settlement, rejected it, and then returned the case to the hearing docket for further proceedings. Thus, the statements contained in his August 8, 2001 letter did not constitute a final ruling or decision on the merits of the issue of the number of employees regularly in service. The issue of jurisdiction was before the deputy initially and continued to be an issue at each stage of the proceedings.

- 6 -

Based upon this record, the doctrine of res judicata did not apply to bar the commission from considering whether the employer had three employees so as to fall within the Act so that the commission would have jurisdiction over the claim.

For these reasons, we affirm the commission's decision.

Affirmed.