## Richmond

ROY COOK v. CLINCHFIELD COAL COMPANY, ET AL.

March 10, 1975.

Record No. 740653.

Present, I'Anson, C.J., Carrico, Harrison, Harman, Poff and Compton, JJ.

*Larry Grant Browning* (*Moore & Browning,* on brief), for appellant.

*J. Thomas Fowlkes* (*Penn, Stuart & Eskridge,* on brief), for appellees.

Per Curiam.

Roy Cook, claimant, filed an application with the Industrial Commission on March 27, 1968, claiming compensation for occupational pneumoconiosis contracted in his employment with the Clinchfield Coal Company.

On the day set for the hearing on the application before a deputy commissioner claimant did not appear, although his counsel was present. The only medical evidence considered at the hearing was a report of Dr. William D. Deep, a physician seen by the claimant on his own initiative.

In dismissing claimant's application, the deputy commissioner in his written opinion stated:

"No evidence was offered by the claimant in support of his application and the medical evidence contained in the file, which includes a report of Dr. William D. Deep, . . . fails to disclose the existence of any occupational disease.

"On the record before us we must, and hereby do, order that

the application ... be dismissed for failure of the claimant to produce evidence in support of his claim for occupational disease."

On October 1, 1973, claimant filed another application with the Commission alleging that he had contracted occupational pneumoconiosis while in the employ of Clinchfield Coal Company and/or Jewell Ridge Coal Corporation.[1] The claim was based on a positive diagnosis communicated to claimant on June 13, 1973.

A hearing was held on the new application and the commissioner found that the deputy commissioner had dismissed claimant's initial application because the medical evidence did not prove the existence of an occupational disease. On the basis of this finding he held that claimant had the right to file another claim when he obtained a positive diagnosis of pneumoconiosis. The commissioner further held on the evidence presented that claimant was suffering from first stage pneumoconiosis; that claimant did not obtain a positive diagnosis of the disease prior to June 13, 1973; and that claimant was disabled for work. Hence the commissioner awarded claimant disability benefits beginning on June 13, 1973, for a period of fifty weeks.

Upon a review by the full Commission, with one commissioner dissenting, the award was reversed and set aside because claimant stated in his 1968 application that he had pneumoconiosis and that he failed to prosecute his claim.

We do not agree with the Commission's holding. The record shows that claimant's 1968 application was dismissed by the deputy commissioner because the medical evidence at the hearing before him failed to disclose the existence of any occupational disease. Since claimant could not prove his 1968 claim by medical evidence before the deputy commissioner, he was not barred from filing his second claim when he obtained a positive diagnosis on June 13, 1973, that he had pneumoconiosis.

*Reversed and remanded.*

---

[1] It was conceded that the claimant was at all times employed by Clinchfield, and that Jewell Ridge is not involved in this litigation.