Tuesday        18th
        August, 1998.


Rusty's Welding Service, Inc. and
 Harleysville Mutual Insurance Company,              Appellants,

  against      Record No. 2552-97-1
               Claim No. 173-33-21

Edward Wayne Gibson,                                 Appellee.


                Upon a Petition for Rehearing En Banc

    Before Chief Judge Fitzpatrick, Judges Benton, Coleman, Willis,
 Elder, Bray, Annunziata, Overton, Bumgardner and Senior Judge Baker*


        On July 21, 1998 came the appellee, by counsel, and filed a

petition praying that the Court set aside the judgment rendered herein

on July 7, 1998, and grant a rehearing en banc thereof.

        On consideration whereof, the petition for rehearing en banc

is granted, the mandate entered herein on July 7, 1998 is stayed

pending the decision of the Court en banc, and the appeal is

reinstated on the docket of this Court.

        The parties shall file briefs in compliance with Rule 5A:35.

 It is further ordered that the appellee shall file with the clerk of

this Court ten additional copies of the appendix previously filed in

this case.

_____

        \*Judge Baker participated in the decision of this petition for rehearing en banc prior to the effective date of his retirement on July 31, 1998 and thereafter by his designation as senior judge pursuant to Code § 17-116.01.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:  Judges Baker, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


RUSTY'S WELDING SERVICE, INC. AND
 HARLEYSVILLE MUTUAL INSURANCE COMPANY

                                      OPINION BY
v.   Record No. 2552-97-2     JUDGE ROSEMARIE ANNUNZIATA
                                       JULY 7, 1998
EDWARD WAYNE GIBSON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               S. Vernon Priddy, III (Sands, Anderson,
               Marks & Miller, on brief), for appellants.

               No brief or argument for appellee.



     Rusty's Welding Service, Inc. (employer) appeals the

commission's award of benefits to Edward Wayne Gibson (claimant).

 Employer contends the award is barred by principles of <u>res</u>

<u>judicata</u> and that the award improperly required employer

simultaneously to pay permanent partial disability (PPD) and

temporary partial disability (TPD) benefits.  We agree with

employer's claim of <u>res</u> <u>judicata</u>, and reverse.

     While carrying a bottle of acetylene on November 12, 1994,

claimant sustained an injury by accident to his back.  Employer

accepted the injury as compensable and paid benefits.  In

applications filed July 16, 1996 and October 29, 1996, claimant

sought an increase in TPD benefits, an order holding employer

responsible for medical expenses for claimant's left knee, and an

award of PPD benefits for a 40% impairment to claimant's left

leg.  All of claimant's requests were based upon the medical

opinion of Dr. Gurpal S. Bhuller.

After an on-the-record review, Deputy Commissioner Gorman issued an opinion on March 4, 1997, in which he wrote that Dr. Bhuller did not adequately explain how claimant's leg injury was caused by the compensable back injury. Deputy Commissioner Gorman also noted that Dr. Bhuller did not explain that the 40% leg impairment was permanent or that claimant had reached maximum medical improvement. He wrote that, "on the evidence before us we cannot conclude that maximum medical improvement has been reached and accordingly deny permanent partial disability benefits at this time." Deputy Commissioner Gorman ordered employer's insurance carrier to submit a report showing claimant's earnings and employer's payments to claimant, and concluded as follows:

> Accordingly, the claimant's application is DENIED insofar as it has requested permanent partial disability benefits for the left leg and is DENIED to the extent requesting payment for medical treatment to the left knee. In all other respects, the claimant's application is continued on the Dispute Resolution Docket in accordance with the provisions of this opinion with the carrier to comply with the ORDERS stated above.

Neither party sought review of this opinion.

On April 9, 1997, claimant filed another application seeking PPD benefits for a 40% impairment in his left leg. In support of his application, claimant submitted an additional opinion of Dr. Bhuller explaining claimant's 40% impairment in his left leg and stating that claimant had reached maximum medical improvement.

-4-

In an opinion filed May 29, 1997, Deputy Commissioner Link awarded claimant PPD benefits for a 40% loss of use of his left leg. Deputy Commissioner Link ordered employer to pay claimant a lump sum of $25,767.70 in accrued benefits.

On review, the commission acknowledged that Dr. Bhuller's opinion submitted in support of the May 29, 1997 award "was not based on a contemporaneous evaluation but represented a more complete discussion of the basis for the disability rating." The commission also acknowledged that the issue addressed in the May 29, 1997 opinion was identical to the issue addressed in the March 4, 1997 opinion. The commission held as follows:

> [T]he issue was not determined with finality. The Deputy Commissioner specifically stated that, based "on the evidence before us," permanent partial disability benefits were denied "at this time" [emphasis added]. The Commission interprets the Opinion of March 4, 1997, to have left the issue of permanent partial disability unresolved for future determination.

The commission also held that it had discretion to order simultaneous payment of TPD and PPD benefits.

Employer argues that the award of PPD benefits on claimant's second application is barred by the doctrine of res judicata. Unlike questions of fact, which are binding on this Court if supported by evidence, we review questions of law de novo. Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996) (citing City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985)).

The doctrine of res judicata is applicable to decisions of deputy commissioners and the full commission. K & L Trucking Co., Inc. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985). Generally, "[r]es judicata precludes the re-litigation of a claim or issue once a final determination on the merits has been reached." Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994) (citing Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989)). Therefore, absent fraud or mistake, "the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission." Thurber, 1 Va. App. at 219, 337 S.E.2d at 302. There is no question in this case that claimant's first and second applications were identical for the purposes of res judicata. In both proceedings, claimant sought PPD benefits on the basis of a 40% impairment in his left leg from the same injury, under the same legal theory, against the same employer, on the basis of the same medical examination. See Balbir Brar Assocs., Inc. v. Consolidated Trading & Servs. Corp., 252 Va. 341, 346, 477 S.E.2d 743, 746 (1996) (citing Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992)).

As the party seeking to assert res judicata, employer must prove that the deputy commissioner rendered a final opinion in its favor. Straessle v. Air Line Pilots' Ass'n, Int'l, 253 Va. 349, 353, 495 S.E.2d 387, 389 (1997) (citing Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974)). Generally, a judgment

is final for the purposes of <u>res</u> <u>judicata</u> when "nothing more is necessary to settle the rights of the parties or the extent of those rights."  8B Michie's Jurisprudence, <u>Former Adjudication or Res Judicata</u> § 13 (1994).  The commission "interpret[ed] the Opinion of March 4, 1997, to have left the issue of permanent partial disability unresolved for future determination" and, thus, held that the former adjudication was not final.

    We hold that the commission erred.  "While proceedings before the commission must comply with the requirements of due process, deputy commissioners generally have broad discretion to adapt the conduct of hearings to the circumstances of the case." <u>Daniel Constr. Co. v. Tolley</u>, 24 Va. App. 70, 78, 480 S.E.2d 145, 149 (1997) (citing <u>Kum Ja Kim v. Sportswear</u>, 10 Va. App. 460, 470, 393 S.E.2d 418, 424 (1990)).  As the commission noted, Deputy Commissioner Gorman wrote in the body of the opinion that PPD benefits were denied "at this time."  Nevertheless, Deputy Commissioner Gorman ordered that "claimant's application is DENIED insofar as it has requested permanent partial disability benefits for the left leg."  This denial of claimant's application is all the more clear when contrasted with the issue of TPD benefits, which Deputy Commissioner Gorman ordered "continued on the Dispute Resolution Docket."  Neither party sought review of the deputy commissioner's decision, and the time for requesting such a review has expired.  <u>See</u> <u>Faison v. Hudson</u>, 243 Va. 413, 419, 417 S.E.2d 302, 305 (1992) ("[A] judgment is

not final for the purposes of res judicata . . . when it is being appealed or when the time limits fixed for perfecting the appeal have not expired.").  Thus, the opinion of March 4, 1997 fully determined the rights of the parties with respect to claimant's application for PPD benefits for a 40% impairment of his left leg and was final for purposes of res judicata.

The commission did not find that claimant's second application was based on a change in condition.  Indeed, the commission found that the medical evidence from Dr. Bhuller which claimant submitted in support of his second application merely "represented a more complete discussion of the basis for the disability rating."  Furthermore, our review of the record shows that claimant's second application was not based upon "a change in physical condition [or] any change in the conditions under which compensation was awarded, suspended, or terminated which would affect the right to, amount of, or duration of compensation."  Code § 65.2-101 (defining "change in condition").  Instead, "it was based upon the same medical results and findings as the first claim," explained in greater detail.  Childress v. Beatrice Pocahontas Co., 6 Va. App. 88, 93, 366 S.E.2d 722, 724 (1988); cf. Wood v. Allison Apparel Mktg., Inc., 11 Va. App. 352, 355, 398 S.E.2d 110, 112 (1990) (finding no res judicata bar where "the applications concerned injuries of different natures, derived from different circumstances, predicated on different medical diagnoses, and involving

different legal foundations").  Claimant's second application was, therefore, barred by <u>res</u>

judicata.  We reverse the decision of the commission and dismiss claimant's application.[1]

Reversed and dismissed.

---

[1]Given our disposition of employer's res judicata claim, we do not reach employer's second argument on appeal.

Baker, J., dissenting.

Because I believe the majority has incorrectly applied the principle of res judicata, I respectfully dissent. I also believe the majority erroneously finds that the commission did not treat claimant's second application as one for a change in condition and that the application was not based upon a change in an attending physician's opinion.

In arriving at its decision, the majority concludes that claimant's second application for a permanent disability rating was "based upon the same medical results and findings as the first claim." (Emphasis added). No evidence in this record proves that the "same medical" evidence was in the first and second applications for a permanency rating. When the first application was considered by the deputy commissioner, the attending physician had expressed no opinion as to whether claimant had reached maximum improvement from his work-related injury. Until the deputy or commission has received medical evidence that the injured employee has attained maximum medical improvement, the deputy is without authority to make an award for permanent injury. See County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977). Therefore, on the first application for an award based on permanency, the deputy correctly ruled that "at this time" claimant's request had to be denied because the compensation provided by Code § 65.2-503 is not awardable "until the injury has reached a state of

-11-

permanency, i.e.[,] maximum [medical] improvement, when the degree of loss may be medically ascertained."  See id.; Nicely v. Virginia Elec. & Power Co., 195 Va. 819, 823, 80 S.E.2d 529, 531 (1954).

The deputy commissioner's use of the words "claim denied," preceded by the phrase "at this time" due to premature application filed before maximum improvement has been "medically ascertained," was not a final determination on the merits of the matter at issue as required for proper application of the doctrine of res judicata.  See Cook v. Clinchfield Coal Co., 215 Va. 599, 212 S.E.2d 263 (1975).  In Cook, the record disclosed that claimant's prior application "was dismissed by the deputy commissioner because the medical evidence at the hearing before him failed to disclose the existence of any occupational disease."  The Court held as follows:

> Since claimant could not prove his 1968 claim by medical evidence before the deputy commissioner, he was not barred from filing his second claim when he obtained a positive diagnosis on June 13, 1973 . . . .

Id. at 600, 212 S.E.2d at 264.  Similarly, here, claimant was not barred from filing his second application when he reached maximum medical improvement.  Compare AMP, Inc. v. Ruebush, 10 Va. App. 270, 275, 391 S.E.2d 879, 881 (1990) (noting that res judicata ordinarily applies to bar relitigation of "[t]he issue of causation in [industrial accident] cases" because it "is not an issue subject to change" (second emphasis added)).

In this case, no evidence concerning maximum medical improvement was before the deputy at the hearing on the first application. In its opinion, the commission decided that the deputy's decision on the first application was not intended to be a final decision which would support the application of res judicata as a bar to the second application. If credible evidence in the record supports that decision, we are required to affirm the commission's judgment.

The majority fails to give appropriate deference to the findings of fact implicit in the commission's award. As the majority asserts, whether res judicata applies is a legal question subject to de novo review on appeal. See Sinclair v. Shelter Constr. Corp., 23 Va. App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996). However, we must give deference to any findings of fact made by the commission in awarding permanent partial disability if those findings are supported by credible evidence in the record, regardless of whether contrary evidence exists or contrary inferences may be drawn. See Code § 65.2-706(A); Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996); Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 68, 455 S.E.2d 267, 271 (1995).

When claimant filed his second application, he attached what the commission termed "a new medical report from his treating physician, Dr. Gurpal S. Bhuller," in which Bhuller fully explained claimant's 40% permanent partial impairment rating.

-13-

Dr. Bhuller's report also contained claimant's statement that his "symptoms still persist" and Dr. Bhuller opined, for the first time, that claimant had reached maximum medical improvement. Therefore, Dr. Bhuller's report of March 12, 1997 provides credible evidence to support the commission's finding that claimant's reaching maximum medical improvement was a change in condition over his status at the time of his prior application, and such a finding is implicit in the commission's award. See Sergio's Pizza v. Soncini, 1 Va. App. 370, 375-76, 339 S.E.2d 204, 207 (1986) (holding that commission may treat application for original injury or disease as application for review on change in condition, even where application does not use such terminology, and may conduct such review sua sponte at any time, subject to due process limitations); see also Code § 65.2-708.

Furthermore, nothing in the record establishes that claimant had, in fact, reached maximum medical improvement prior to his first application. Employer, as the party seeking application of res judicata, bears the burden of proving by a preponderance of the evidence that an issue previously raised was decided on the merits. See, e.g., Fodi's v. Rutherford, 26 Va. App. 446, 449, 495 S.E.2d 503, 505 (1998). Dr. Bhuller discussed claimant's condition with him and confirmed that claimant's "symptoms still persist[ed]" before Bhuller opined that claimant had reached maximum medical improvement. For these reasons, I would hold that credible evidence in the record supports the commission's

-14-

implicit finding that claimant's reaching maximum medical improvement was a change in condition permitting re-examination of his entitlement to payment of the rating.

On the issue of accrual of the benefits, however, the commission said that, "[b]ased on the medical records, the earliest date on which [claimant] could have reached maximum medical improvement was August 1, 1996." (Emphasis added). As a result, it held that "[o]nly the compensation . . . that had accrued from August 1, 1996, should have been awarded in lump sum." This statement conflicts with the commission's finding on the res judicata issue, as discussed above. Therefore, I would remand the case to the commission with instructions to make consistent findings on the date of maximum medical improvement as applied both to the issue of res judicata and the issue of accrual of the award.

Because I would find the record supports the commission's finding that the doctrine of res judicata did not apply, I would reach employer's second assignment of error.

Employer contends the commission erroneously ordered employer to pay the permanent partial disability benefits simultaneously with ongoing temporary partial disability benefits. Code § 65.2-503 provides that "[c]ompensation awarded pursuant to this section [for a scheduled impairment] . . . shall be payable after payments for temporary total incapacity pursuant to § 65.2-500 . . . [but] may be paid simultaneously with

payments for [temporary] partial incapacity pursuant to § 65.2-502." (Emphasis added). Employer contends the statutory language provides employer, rather than the commission, with the discretion to make simultaneous or successive payments of temporary partial and permanent partial disability benefits.

I disagree. The commission has the power under the Workers' Compensation Act to enter awards granting or denying benefits under the Act and dictating the terms under which those benefits will be paid as long as those terms do not conflict with the requirements of the Act. See, e.g., Code §§ 65.2-101, 65.2-201. Therefore, the only reasonable construction of Code § 65.2-503, which provides that payments for a rating "may be paid simultaneously with payments for [temporary] partial incapacity," (emphasis added), is that the commission has discretion to order such payments. In cases where the commission does not order such payments, employer would be free to make simultaneous payments voluntarily.

For these reasons, I would (1) affirm the commission's authority to order the simultaneous payment of temporary partial and permanent partial disability benefits and (2) remand the matter to the full commission with instructions to make consistent findings on the date of maximum medical improvement as applied both to the issue of res judicata and the issue of accrual of the award.