BAKER, Judge,
dissenting.
Because I believe the majority has incorrectly applied the principle of res judicata, I respectfully dissent. I also believe the majority erroneously finds that the commission did not treat claimant’s second application as one for a change in condition and that the application was not based upon a change in an attending physician’s opinion.
In arriving at its decision, the majority concludes that claimant’s second application for a permanent disability rating *740 was “based upon the same medical results and findings as the first claim.” (Emphasis added). No evidence in this record proves that the “same medical” evidence was in the first and second applications for a permanency rating. When the first application was considered by the deputy commissioner, the attending physician had expressed no opinion as to whether claimant had reached maximum improvement from his work-related injury. Until the deputy or commission has received medical evidence that the injured employee has attained maximum medical improvement, the deputy is without authority to make an award for permanent injury. See County of Spotsylvania v. Hart, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977). Therefore, on the first application for an award based on permanency, the deputy correctly ruled that “at this time” claimant’s request had to be denied because the compensation provided by Code § 65.2-503 is not awardable “until the injury has reached a state of permanency, i.e.[,] maximum [medical] improvement, when the degree of loss may be medically ascertained.” See id.; Nicely v. Virginia Elec. & Power Co., 195 Va. 819, 823, 80 S.E.2d 529, 531 (1954).
The deputy commissioner’s use of the words “claim denied,” preceded by the phrase “at this time” due to premature application filed before maximum improvement has been “medically ascertained,” was not a final determination on the merits of the matter at issue as required for proper application of the doctrine of res judicata. See Cook v. Clinchfield Coal Co., 215 Va. 599, 212 S.E.2d 263 (1975). In Cook, the record disclosed that claimant’s prior application “was dismissed by the deputy commissioner because the medical evidence at the hearing before him failed to disclose the existence of any occupational disease.” The Court held as follows:
Since claimant could not prove his 1968 claim by medical evidence before the deputy commissioner, he was not barred from filing his second claim when he obtained a positive diagnosis on June 13,1973....
Id. at 600, 212 S.E.2d at 264. Similarly, here, claimant was not barred from filing his second application when he reached maximum medical improvement. Compare AMP', Inc. v. Rue *741 bush, 10 Va.App. 270, 275, 391 S.E.2d 879, 881 (1990) (noting that res judicata ordinarily applies to bar relitigation of “[t]he issue of causation in [industrial accident] cases” because it “is not an issue subject to change ” (second emphasis added)).
In this case, no evidence concerning maximum medical improvement was before the deputy at the hearing on the first application. In its opinion, the commission decided that the deputy’s decision on the first application was not intended to be a final decision which would support the application of res judicata as a bar to the second application. If credible evidence in the record supports that decision, we are required to affirm the commission’s judgment.
The majority fails to give appropriate deference to the findings of fact implicit in the commission’s award. As the majority asserts, whether res judicata applies is a legal question subject to de novo review on appeal. See Sinclair v. Shelter Constr. Corp., 23 Va.App. 154, 156-57, 474 S.E.2d 856, 857-58 (1996). However, we must give deference to any findings of fact made by the commission in awarding permanent partial disability if those findings are supported by credible evidence in the record, regardless of whether contrary evidence exists or contrary inferences may be drawn. See Code § 65.2-706(A); Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996); Roanoke Belt, Inc. v. Mroczkowski, 20 Va.App. 60, 68, 455 S.E.2d 267, 271 (1995).
When claimant filed his second application, he attached what the commission termed “a new medical report from his treating physician, Dr. Gurpal S. Bhuller,” in which Bhuller fully explained claimant’s 40% permanent partial impairment rating. Dr. Bhuller’s report also contained claimant’s statement that his “symptoms still persist” and Dr. Bhuller opined, for the first time, that claimant had reached maximum medical improvement. Therefore, Dr. Bhuller’s report of March 12, 1997 provides credible evidence to support the commission’s finding that claimant’s reaching maximum medical improvement was a change in condition over his status at the time of his prior application, and such a finding is implicit in the *742 commission’s award. See Sergio’s Pizza v. Soncini, 1 Va.App. 370, 375-76, 339 S.E.2d 204, 207 (1986) (holding that commission may treat application for original injury or disease as application for review on change in condition, even where application does not use such terminology, and may conduct such review sua sponte at any time, subject to due process limitations); see also Code § 65.2-708.
Furthermore, nothing in the record establishes that claimant had, in fact, reached maximum medical improvement prior to his first application. Employer, as the party seeking application of res judicata, bears the burden of proving by a preponderance of the evidence that an issue previously raised was decided on the merits. See, e.g., Fodi’s v. Rutherford, 26 Va.App. 446, 449, 495 S.E.2d 503, 505 (1998). Dr. Bhuller discussed claimant’s condition with him and confirmed that claimant’s “symptoms still persist[ed]” before Bhuller opined that claimant had reached maximum medical improvement. For these reasons, I would hold that credible evidence in the record supports the commission’s implicit finding that claimant’s reaching maximum medical improvement was a change in condition permitting re-examination of his entitlement to payment of the rating.
On the issue of accrual of the benefits, however, the commission said that, “[b]ased on the medical records, the earliest date on which [claimant] could have reached maximum medical improvement was August 1, 1996.” (Emphasis added). As a result, it held that “[o]nly the compensation ... that had accrued from August 1, 1996, should have been awarded in lump sum.” This statement conflicts with the commission’s finding on the res judicata issue, as discussed above. Therefore, I would remand the case to the commission with instructions to make consistent findings on the date of maximum medical improvement as applied both to the issue of res judicata and the issue of accrual of the award.
Because I would find the record supports the commission’s finding that the doctrine of res judicata did not apply, I would reach employer’s second assignment of error.
*743 Employer contends the commission erroneously ordered employer to pay the permanent partial disability benefits simultaneously with ongoing temporary partial disability benefits. Code § 65.2-503 provides that “[compensation awarded pursuant to this section [for a scheduled impairment] ... shall be payable after payments for temporary total incapacity pursuant to § 65.2-500 ... [but] may be paid simultaneously with payments for [temporary] partial incapacity pursuant to § 65.2-502.” (Emphasis added). Employer contends the statutory language provides employer, rather than the commission, with the discretion to make simultaneous or successive payments of temporary partial and permanent partial disability benefits.
I disagree. The commission has the power under the Workers’ Compensation Act to enter awards granting or denying benefits under the Act and dictating the terms under which those benefits will be paid as long as those terms do not conflict with the requirements of the Act. See, e.g., Code §§ 65.2-101, 65.2-201. Therefore, the only reasonable construction of Code § 65.2-503, which provides that payments for a rating “may be paid simultaneously with payments for [temporary] partial incapacity,” (emphasis added), is that the commission has discretion to order such payments. In cases where the commission does not order such payments, employer would be free to make simultaneous payments voluntarily.
For these reasons, I would (1) affirm the commission’s authority to order the simultaneous payment of temporary partial and permanent partial disability benefits and (2) remand the matter to the full commission with instructions to make consistent findings on the date of maximum medical improvement as applied both to the issue of res judicata and the issue of accrual of the award.