COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements
Argued at Alexandria, Virginia


MELVIN H. TOMES, JR.
                                           OPINION BY
v.   Record No. 2450-01-4        JUDGE JEAN HARRISON CLEMENTS
                                         DECEMBER 17, 2002
JAMES CITY (COUNTY OF) FIRE AND
 VIRGINIA MUTUAL GROUP
 SELF-INSURANCE ASSOCIATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Michael A. Kernbach (Burgess, Locklin,
          Kernbach & Perigard, on brief), for
          appellant.

          Ralph L. Whitt, Jr. (Whitt & Associates, on
          brief), for appellees.


     Melvin H. Tomes, Jr., (claimant) appeals a decision of the

Workers' Compensation Commission (commission) denying his

October 7, 1997 and June 7, 2000 claims for benefits under Code

§ 65.2-402(A).  The commission ruled both claims were for the

same lung condition, which claimant, because he was not entitled

to the benefit of the presumption in Code § 65.2-402, failed to

prove was a compensable occupational disease.  We hold the

commission did not err in denying claimant's October 7, 1997

claim but did err in denying his June 7, 2000 claim.

Accordingly, we affirm the commission's decision in part and

reverse it in part.

## I. BACKGROUND

The relevant facts in this case are not in dispute. On October 30, 1995, Dr. Thomas L. Munzel diagnosed claimant, who had worked as a firefighter with the James City County Fire Department since June of 1976, as having "virtually reversible obstruction," which, according to Dr. Munzel, was essentially a mild asthma variant of "adult onset reversible obstructive airways disease."

Based on that diagnosis, claimant filed a claim for benefits with the commission on November 14, 1995, for "virtually reversible obstruction" disease with a date of communication of October 30, 1995. Although he sought no specific benefits, claimant filed the claim to "have [it] on the record for [the] future." Claimant withdrew the claim on May 2, 1996, but timely refiled it on October 7, 1997. In refiling the claim, claimant specifically indicated he had "not missed any work at [that] time." Rather, he simply wanted to have his claim "on [the] record for [the] future." On June 7, 2000, claimant notified the commission that he sought payment of his medical bills related to the virtually reversible obstructive disease communicated to him by Dr. Munzel on October 30, 1995.

Claimant received treatment from Dr. Munzel for his asthma from 1995 to 1999 but did not miss work or have any work restrictions imposed on him during that period. However, in early 2000, after working at a fire in December of 1999,

claimant's progressively worsening lung condition became disabling. On February 7, 2000, Dr. Munzel, having diagnosed claimant's pulmonary condition as irreversible chronic obstructive pulmonary disease and acute exacerbation of his asthma, directed that claimant not return to work as an active firefighter for at least two months. Dr. Munzel explained that claimant was disabled from working as an active firefighter at the time "due to his asthma," which was "clearly exacerbated by the fire fighting." From that point on, claimant never returned to work in an unrestricted capacity. In December of 2000, Dr. Munzel testified claimant had "continued to be disabled due to his asthma" and would never be able to actively fight fires again.

On June 7, 2000, claimant filed a claim for benefits alleging "Chronic obstructive pulmonary disease (COPD)/small airways disease/asthma" with a date of communication of February 7, 2000. In filing that claim, claimant sought disability and medical benefits for the period beginning February 7, 2000.

On January 16, 2001, the deputy commissioner conducted a hearing on claimant's October 7, 1997 and June 7, 2000 claims. As the deputy commissioner noted, claimant was seeking "payment of medical bills from Dr. Munzel and related diagnostic studies commencing 1995 through the present" on the October 7, 1997 claim and temporary total and partial disability benefits on the June 7, 2000 claim. James City County Fire and its insurer

- 3 -

Virginia Municipal Group Self-Insurance Association (collectively, employer) defended those claims, in part, on the grounds that they were barred by the applicable two-year statute of limitations because both claims were for the same disease, which was first communicated on October 30, 1995, and claimant sustained no disability until February 7, 2000. Employer stipulated, however, that, if the commission found the claim based on the October 30, 1995 date of communication and the claim based on the February 7, 2000 date of communication were separate claims based on separate diseases, it could not overcome the presumption in Code § 65.2-402 as to the June 7, 2000 claim.

The deputy commissioner denied claimant's October 7, 1997 claim, ruling the presumption in Code § 65.2-402 was not applicable to that claim because claimant suffered no partial or total disability "as a result of [the] October 30, 1995 date of communication." Without benefit of that presumption, the deputy commissioner continued, claimant was unable to prove he had sustained a compensable occupational disease.[1]

However, the deputy commissioner granted claimant's June 7, 2000 claim, ruling it was a separate claim, distinct from the October 7, 1997 claim. Applying employer's stipulation that it did not have sufficient evidence to overcome the presumption in

---

[1] Claimant does not challenge this finding on appeal.

Code § 65.2-402 with regard to the June 7, 2000 claim, the deputy commissioner concluded claimant had proven a compensable occupational respiratory disease first communicated to claimant on February 7, 2000.

Upon review, a majority of the full commission affirmed the deputy commissioner's denial of the October 7, 1997 claim and reversed the deputy commissioner's decision with respect to the June 7, 2000 claim.[2]  The commission agreed with the deputy commissioner that, as to the respiratory disease first communicated to claimant on October 30, 1995, claimant did not qualify for the presumption of Code § 65.2-402 and that, "[w]ithout the benefit of the presumption, the evidence . . . [did] not establish a compensable occupational disease."  With regard to claimant's latter claim, the commission stated:

> The [June 7, 2000] claim . . . is dismissed.  That claim was for a lung condition initially diagnosed on October 30, 1995, which had worsened.  This is not a separate claim for a separate disease. Rather, in the second claim, the claimant seeks disability benefits beyond the running of the statute of limitations for his lung condition, which we find is not compensable.

## II.  ANALYSIS

On appeal, we view the evidence in the light most favorable to the party prevailing below.  R.G. Moore Bldg. Corp. v.

---

[2] One commissioner dissented, stating simply:  "In my view, the lung condition diagnosed in 1995 is distinct from the chronic obstruction pulmonary disease diagnosed in 2000.  The claim for disability benefits is therefore not untimely."

- 5 -

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  If supported by credible evidence, the factual findings of the commission are binding on appeal.  Code § 65.2-706(A); Fairfax Hospital v. DeLaFleur, 221 Va. 406, 410, 270 S.E.2d 720, 722 (1980).  However, "we review questions of law de novo," Rusty's Welding Serv. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc), ever mindful that, "[w]hile the provisions of the Virginia [Workers' Compensation] Act are to be liberally construed to see that its benefits are awarded to injured employees, that principle [neither] authorize[s] the courts to amend, alter or extend its provisions, nor . . . require[s] that every claim asserted be allowed," Bowden v. Newport News Shipbuilding & Dry Dock Co., 11 Va. App. 683, 688, 401 S.E.2d 884, 887 (1991).  While we generally give great weight and deference, on appeal, to the commission's construction of the Workers' Compensation Act, we are "'not bound by the commission's legal analysis in this or prior cases.'"  Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 248, 563 S.E.2d 368, 372 (2002) (quoting U.S. Air, Inc. v. Joyce, 27 Va. App. 184, 189 n.1, 497 S.E.2d 904, 906 n.1 (1998)), appeal filed, No. 021766 (July 29, 2002).

As relevant to the facts of this case, Code § 65.2-406(A)(5) provides that the right to compensation for occupational diseases shall be forever barred unless a claim is filed within two years after a diagnosis of the disease is first

- 6 -

communicated to the employee.  Hence, "once an employee receives a communication of an occupational disease, it is incumbent upon him to file a claim" within two years of that communication. Parris v. Appalachian Power Co., 2 Va. App. 219, 225-26, 343 S.E.2d 455, 458-59 (1986) (footnote omitted).  "[I]f an employee receives a communication of a diagnosis of an occupational disease, and does not act on that communication prior to the running of the statute of limitations, then he is barred from filing a later claim based on a later diagnosis."  Id. at 225, 343 S.E.2d at 458 (citing Anderson v. Clinchfield Coal Co., 214 Va. 674, 675, 204 S.E.2d 257, 258 (1974)).  "Once a claim is filed, it is the duty of the Commission to determine: (1) whether the disease is in fact an 'occupational disease' as defined in Code § 65.1-46 [now Code § 65.2-400], and if so, (2) whether that occupational disease is compensable."  Id. at 226, 343 S.E.2d at 459 (footnote omitted).

In this case, claimant acted appropriately upon receiving a communication of a possible occupational disease from Dr. Munzel.  Once Dr. Munzel diagnosed him with virtually reversible obstruction on October 30, 1995, claimant, after withdrawing an earlier claim, filed a timely claim for virtually reversible obstruction with the commission on October 7, 1997. Hence, it then became the commission's duty to determine whether the claimant's disease was an occupational disease, and if so, whether that occupational disease was compensable.

In fulfillment of that duty, the deputy commissioner, after conducting a hearing on claimant's October 7, 1997 claim on January 16, 2001, denied the claim, concluding that claimant had failed to prove the disease upon which that claim was based was a compensable occupational disease. In reaching that conclusion, the deputy commissioner held the presumption in Code § 65.2-402 was inapplicable to claimant's October 7, 1997 claim because claimant sustained no disability as a result of the disease communicated to him on October 30, 1995, and thus sought only payment of medical bills in his claim. On review, the commission affirmed the deputy commissioner's denial of claimant's October 7, 1997 claim.

Code § 65.2-402(A) provides, in pertinent part:

> Respiratory diseases that cause . . . any health condition or impairment of [volunteer or salaried] firefighters . . . resulting in total or partial disability shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

Thus, in order to establish the relevant prima facie case necessary to secure the benefit of the presumption in Code § 65.2-402(A), a claimant must prove his occupation as a firefighter and his disability from a respiratory disease. See City of Norfolk v. Lillard, 15 Va. App. 424, 427, 424 S.E.2d 243, 245 (1992). "Disability from a disease has been defined as the stage when the disease prevents the employee from performing

his work efficiently."  Salyer v. Clinchfield Coal Corp., 191 Va. 331, 338, 61 S.E.2d 16, 20 (1950).

Here, claimant failed to establish that the respiratory disease referenced in his October 7, 1997 claim rendered him totally or partially disabled.  Indeed, he sought no lost earnings from work in his claim and concedes on appeal that "he did not miss any time from work until February 7, 2000," when Dr. Munzel diagnosed him with irreversible chronic obstructive pulmonary disease and acute exacerbation of his asthma and instructed him not to return to work as an active firefighter. Claimant further concedes on appeal (1) that "[t]he medical records . . . disclose that [he] did not incur the required disability for invoking the benefits of the presumption pursuant to [Code] § 65.2-402(A), until February 7, 2000," (2) that, prior to February 7, 2000, he "was never either partially or totally disabled from work as a firefighter due to lung disease," and (3) that "the time for wage indemnity had long since lapsed" by the time he suffered any disability. Accordingly, the deputy commissioner and the commission did not err in holding the presumption in Code § 65.2-402 had no application to claimant's October 7, 1997 claim and in concluding claimant failed to prove that virtually reversible obstruction was a compensable occupational disease.

However, as noted, Dr. Munzel diagnosed claimant, on February 7, 2000, as having irreversible chronic obstructive

- 9 -

pulmonary disease and acute exacerbation of his asthma and told him he could not return to work as an active firefighter. Based on that diagnosis, claimant filed a claim for benefits on June 7, 2000, for "Chronic obstructive pulmonary disease (COPD)/small airways disease/asthma," with a date of communication of February 7, 2000. In that claim, claimant sought disability benefits commencing February 7, 2000.

The deputy commissioner found that claimant's June 7, 2000 claim was a new, different claim and, applying employer's stipulation that it could not overcome the presumption in Code § 65.2-402, held that claimant had proven a compensable occupational disease first communicated to claimant on February 7, 2000. The commission, however, reversed the decision of the deputy commissioner, ruling that claimant's June 7, 2000 claim was not a separate claim and that the claimant sought "disability benefits beyond the running of the statute of limitations for his lung condition, which [was] not compensable."

In Parris, after examining four prior cases involving multiple diagnoses of the "same" occupational disease, we set out the "rule of law" discerned from those cases, stating as follows:

> If the Commission determines that the
> claimant does not have an occupational
> disease, or that his occupational disease is
> not compensable, then the statute of
> limitations in regard to the first

- 10 -

> communication of the diagnosis forming the basis of that claim has no bearing on a subsequent diagnosis and a claim filed as a result of the communication of that diagnosis.

2 Va. App. at 226, 343 S.E.2d at 459.

One of the cases we reviewed in Parris was Hale v. Clinchfield Coal Co., 59 O.I.C. 112 (1981), the holding of which, we observed, was noted with approval by the Supreme Court. Parris, 2 Va. App. at 225, 343 S.E.2d at 458. As we noted in Parris, the Hale case

> centered on the question of compensability of a claim based on a diagnosis of an occupational disease. Hale received a diagnosis of employment-related hearing loss on May 10, 1975, and timely filed a claim on that basis. The Commission, applying a table for rating hearing loss, concluded that Hale's hearing loss was so minor at that point that it was not included on the table to the extent that it would be compensable. In 1980, Hale received a second diagnosis of occupational hearing loss _which had become more severe at that time_. The Commission entered an award for Hale, finding that his 1980 claim was not barred because the evidence relating to the 1975 claim did not show a _compensable_ hearing loss at that time. The Commission held "that the Statute of Limitations did not commence to run against [the 1980] claim until the date of diagnosis and communication of a compensable occupational disease, on April 7, 1980."

Id. at 224, 343 S.E.2d at 457-58 (first emphasis added) (quoting Hale, 59 O.I.C. at 113). Another of the cases we reviewed in Parris was Cook v. Clinchfield Coal Co., 215 Va. 599, 212 S.E.2d 263 (1975), about which we wrote:

- 11 -

Cook first received a diagnosis of occupational pneumoconiosis in 1968. He timely filed a claim based on that diagnosis. This 1968 claim was dismissed "because the medical evidence did not prove the existence of an occupational disease." [Cook, 215 Va.] at 600, 212 S.E.2d at 264. In 1973, Cook received another diagnosis of occupational pneumoconiosis, and timely filed a claim. The Supreme Court, in reversing the Commission, held that Cook was not barred from filing his 1973 claim. The Court stated that:

> The record shows that claimant's 1968 application was dismissed by the deputy commissioner because the medical evidence at the hearing before him failed to disclose the existence of any occupational disease. Since claimant could not prove his 1968 claim by medical evidence before the deputy commissioner, he was not barred from filing his second claim when he obtained a positive diagnosis on June 13, 1973, that he had pneumoconiosis.

Id.

Parris, 2 Va. App. at 223-24, 343 S.E.2d at 457.

Here, as in Hale and Cook, claimant, after failing to prove he had a compensable occupational disease based on his first diagnosis and claim, received a second diagnosis and filed a timely second claim pertaining to the same condition, which had since worsened and become compensable. Thus, applying the same rationale utilized in Hale and Cook, and set forth in Parris, to the instant case, we conclude the commission erred in denying and dismissing claimant's June 7, 2000 claim and, in light of

- 12 -

employer's stipulation that it could not overcome the presumption in Code § 65.2-402 as to that claim, in holding that the disease upon which the June 7, 2000 claim was based was not compensable.  It matters not, under Hale, Cook, and Parris, that claimant's June 7, 2000 claim was based, as the commission found, upon the same condition upon which claimant's initial, denied claim was based.  Once the commission determined that claimant had failed to prove he had a compensable occupational disease, with respect to his first claim, the claimant was not barred from receiving an award on his June 7, 2000 claim based on the diagnosis communicated to him on February 7, 2000.

Accordingly, we affirm the commission's decision affirming the deputy commissioner's denial of claimant's October 7, 1997 claim, reverse the commission's decision denying and dismissing claimant's June 7, 2000 claim, and remand this case to the commission for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part
and remanded.