COURT OF APPEALS OF VIRGINIA

Present:  Judges Annunziata, Clements and Kelsey
Argued at Salem, Virginia

NOAH HORN WELL DRILLING AND
 HARTFORD INSURANCE COMPANY
 OF THE MIDWEST                                      MEMORANDUM OPINION[*] BY
                                                      JUDGE D. ARTHUR KELSEY
v.      Record No. 3158-02-3                          OCTOBER 7, 2003

DONALD J. BLANKENSHIP


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        H. Ashby Dickerson (Penn, Stuart & Eskridge, on brief), for
        appellants.

        Paul L. Phipps (Lee & Phipps, P.C., on brief), for appellee.


        Noah Horn Well Drilling ("NHWD") appeals a decision from the Workers' Compensation

Commission, claiming it erred by finding that Donald Blankenship's injury arose out of his

employment.  Finding no basis to overturn the commission's factfinding on this issue, we affirm.

                                        I.

        On appeal, we view the evidence in the light most favorable to the prevailing party before

the commission.  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003);

Tomes v. James City (County Of) Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002).

        Blankenship drove a Mack tank truck for NHWD.  The truck had two steps on the fuel tank

and a third step at the cab.  The cab floorboard was about chest high.  Getting in the cab was

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

awkward because it required pulling on the handrail after stepping on the first and then the second step. The first step was about two feet from the ground, approximately knee-high.

On October 15, 2001, Blankenship began to climb into the cab of the truck to retrieve some paperwork. He felt a sudden onset of pain while standing with his right foot on the first step and his left foot on the second, and while having one hand on the handrail and the other on the door latch. The pain radiated down his hip and left leg.

Though in some distress, Blankenship continued working for the rest of the day. Blankenship also worked the next day even though his injury felt worse. The following day, October 17, Blankenship drove his truck to a job site but could not get out of the truck cab due to intense pain. Blankenship returned to the office, spoke to his boss, and then went to see a doctor.

Blankenship was diagnosed as having a herniated disc, requiring surgery, in an area of his lower spine (L5-S1). He had previously injured this area of his back in 1997 and had successfully returned to work after surgery. After reviewing this prior condition and comparing it to his new symptoms, Dr. Paul Peterson, a neurosurgeon, opined that the new herniation at L5-S1 was the "result of [the] new work related injury" on October 15, 2001, not the earlier injury.

After NHWD refused his claim for benefits, Blankenship filed a claim with the commission. A deputy commissioner rejected the claim, holding that the injury did not result from an actual risk of employment. On review, the full commission disagreed, finding that "the unusual nature of the tank-type steps and the awkward movement required to pull up into the cab," when considered along with the "immediate onset of pain," established "sufficient employment risk to qualify as a risk of the employment."

On appeal, NHWD admits that Blankenship's description of the incident, considered in the light most favorable to him, proved "that the steps on the truck were abnormal." The error in the commission's holding, NHWD argues, is its finding of causation. "The fact that the claimant

testified to an immediate onset of pain establishes nothing other than he may have suffered an accident at this time," NHWD contends. No evidence demonstrates, NHWD asserts, "that the unusual nature of the steps into the truck either caused or contributed to Blankenship's injury."

II.

We begin our analysis with the governing standard of review. On appeal, we defer to the commission in its role as factfinder. VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511-12 (2002). "If supported by credible evidence, the factual findings of the commission are binding on appeal." Tomes, 39 Va. App. at 430, 573 S.E.2d at 315 (citation omitted). In addition, the commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983).

III.

For an injury to be compensable, it must be "by accident arising out of and in the course of the employment." Code § 65.2-101. "An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." K&G Abatement Co. v. Keil, 38 Va. App. 744, 756, 568 S.E.2d 416, 422 (2002) (citation and internal quotation marks omitted). "'The causative danger must be peculiar to the work, incidental to the character of the business, and not independent of the master-servant relationship.'" Id. (quoting Chesterfield v. Johnson, 237 Va. 180, 183-84, 376 S.E.2d 73, 75 (1989), and United Parcel Serv. v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985)) (internal quotation marks omitted). This test excludes any hazard or danger "to which the employee would have been equally exposed apart from the employment." K&G Abatement Co., 38 Va. App. at 756, 568 S.E.2d at 422.

An injury caused merely by using steps at work, by itself, is not compensable. Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 287, 572 S.E.2d 505, 509 (2002). To receive compensation, the claimant must prove that some "defect in the stairs" or that a "condition of the employment caused the fall." Id. (citing Southside Va. Training Ctr. v. Shell, 20 Va. App. 199, 203, 455 S.E.2d 761, 763 (1995)); see also County of Buchanan Sch. Bd. v. Horton, 35 Va. App. 26, 29, 542 S.E.2d 783, 784-85 (2001). Common examples include steps of "abnormal height or condition," Cornett, 39 Va. App. at 287, 572 S.E.2d at 509, or with a slippery surface, Jones v. Colonial Williamsburg Found., 10 Va. App. 521, 524, 392 S.E.2d 848, 850-51 (1990). Even a step "just a little bit higher than usual" can constitute a risk of employment. Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 569, 159 S.E.2d 633, 634 (1968).

In this case, NHWD does not contest the commission's finding that the steps leading up to the cab of Blankenship's truck were "abnormal" and that Blankenship experienced "an immediate onset of pain" while climbing those steps. That pain response, NHWD further concedes, at least establishes that Blankenship "may have suffered an accident at this time." Nevertheless, NHWD concludes, no evidence proved that the condition of employment (the abnormal steps) caused the accident (a herniated disc triggering radicular pain).[1]

We find NHWD's position overly simplistic. In theory, of course, had Blankenship not been required by his job to negotiate "abnormal" truck steps, he might still have injured his back at that very moment —— perhaps, for example, as the result of the exertion required to step on a normal step. To prevail, however, Blankenship's evidence need not render this hypothesis

---

[1] We find unpersuasive NHWD's contention that Blankenship's allegations of radiating pain down one of his legs necessarily excludes as a cause of that pain any exertional force from using the other leg. No evidence in this record stands for the assertion that nerve root compression causing radicular pain on one side of the body cannot physically be caused by a disc herniation resulting from physical forces against the other side of the body. To the contrary, by implication, Dr. Peterson's opinion refutes this assertion.

fanciful or reduce it to a remote improbability. He simply must show it more likely than not to be untrue.

Stated another way, he must prove by a preponderance of the evidence that the "abnormal" steps in some way caused the injury. A claimant must prove by a "preponderance of the evidence that an injury arose out of the employment." K&G Abatement Co., 38 Va. App. at 755, 568 S.E.2d at 421-22.

> The burden of showing something by a preponderance of the evidence, the most common standard in the civil law, simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence.

Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (citations and internal quotation marks omitted); Metro. Stevedore Co. v. Rambo, 521 U.S. 121, 137 n.9 (1997). Proof rises to this level of persuasion when "it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal, notwithstanding any doubts that may still linger there." N. Virginia Power Co. v. Bailey, 194 Va. 464, 471, 73 S.E.2d 425, 429 (1952); see also Henrico County Sch. Bd. v. Etter, 36 Va. App. 437, 446, 552 S.E.2d 372, 376 (2001).

On this causation issue, the commission found that the "unusual nature" of the steps required Blankenship to exert an awkward combination of physical movements to get into the cab of the truck. While doing so, Blankenship experienced sudden radicular pain in one of his legs. This pain, as medical tests later demonstrated, came from a herniated disc in Blankenship's lower back. In aggregate, these facts satisfied the commission that the exertion required to climb the "abnormal" truck steps was more likely than not the cause of the back injury. This finding also has the support of Dr. Peterson's opinion that the herniation was the "result of [the] new work related injury" on October 15, 2001.

The commission's findings parallel the situation in <u>Reserve Life Ins. Co.</u>, 208 Va. at 569, 159 S.E.2d at 634. There, an employee stepped onto a series of "rock steps" that were a "little bit higher than usual" and sustained a spontaneous knee injury. No evidence demonstrated that the employee slipped or tripped, and the employee admitted she "did not know" what caused her knee to give way. <u>Id.</u> Nevertheless, the abnormal nature of the steps —— coupled with the spontaneity of the knee injury —— provided a rational basis for inferring causation. Because a "rational mind" could find a causal connection under such circumstances, the Virginia Supreme Court held, the commission's factual finding on causation must be affirmed. <u>Id.</u> at 571, 159 S.E.2d at 635. The same conclusion applies here. <u>See</u> <u>generally</u> <u>K&G Abatement Co.</u>, 38 Va. App. at 756, 568 S.E.2d at 422 ("'The actual determination of causation is a factual finding that will not be disturbed on appeal,' if supported by credible evidence." (citations omitted)).

IV.

We affirm the commission's decision, finding it properly applied the governing legal principles and rested on a credible factual basis.

<u>Affirmed.</u>