COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


COLLEGIATE FUNDING SERVICES, LLC AND
 THE FIRST LIBERTY INSURANCE CORPORATION
                                                    MEMORANDUM OPINION* BY
v.       Record No. 2391-06-2              JUDGE ELIZABETH A. McCLANAHAN
                                                           APRIL 17, 2007
MARLO JEAN CONWAY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Roger L. Williams (John T. Cornett, Jr.; Williams & Lynch, on
           brief), for appellants.

           Wesley G. Marshall for appellee.


       Collegiate Funding Services, LLC and The First Liberty Insurance Corporation

(collectively Collegiate Funding) appeal a decision of the Workers' Compensation Commission

awarding benefits to Marlo Jean Conway (Conway). For the reasons that follow, we affirm the

decision of the commission.

                                    I.  BACKGROUND

       On appeal from a decision of the commission, "we view the evidence in the light most

favorable to the party prevailing below" and grant that party the benefit of all reasonable

inferences. Tomes v. James City (County of) Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312,

315 (2002) (citation omitted); see also Grayson (County of) Sch. Bd. v. Cornett, 39 Va. App.

279, 281, 572 S.E.2d 505, 506 (2002). Conway was employed by Collegiate Funding on May

23, 2004, as a financial loan specialist when she sustained a compensable injury to her left hand.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On the date of the accident, a screw came out of her chair causing her to fall and land on her left elbow and one of the fingers on her left hand, with her wrist extended. She was diagnosed with a contusion sprain to her finger. Conway returned to her job, which involved typing applications and notes into the computer system, but she was only able to type with her right hand and was subsequently terminated. The deputy commissioner found that she was not terminated for just cause but was unable to adequately perform the employment offered by Collegiate Funding due to her compensable injury and awarded various periods of temporary total and temporary partial disability benefits. That award was upheld by the commission and was not appealed.

Conway was unemployed for a period of time following her termination from Collegiate Funding. She then obtained a series of light duty positions and was employed as a bus monitor with the King George school system when Collegiate Funding filed an application alleging that Conway was released to pre-injury work in May 2005. Conway filed additional claims for benefits and argued that she remained under restrictions and was unable to return to her pre-injury duties.

According to her medical records, Conway experienced numbness, tingling, and discomfort in her left hand following the accident. In January 2005, her treating physician, Dr. Constantine, noted that her ulnar nerve irritation had improved and he was "boggled" as to why she continued to have symptoms. Conway underwent a functional capacity evaluation on March 4, 2005, which indicated that she was able to do light duty work lifting less than 20 pounds and able to type 15 to 20 words a minute. On May 10, 2005, Dr. Constantine released Conway to her pre-injury job. His record indicates she was treating with Dr. Leibovic, a hand surgeon, to whom she was referred by Dr. Constantine. A letter dated September 29, 2005 by Dr. Constantine reiterates that he released Conway to her normal duty as a loan officer in May 2005, she had reached maximum medical improvement, and he did not see a reason for an

impairment rating. Dr. Constantine encouraged her to continue to follow up with Dr. Leibovic as her primary hand surgeon if she disagreed since he could not delineate what was causing her symptoms.

Conway saw Dr. Leibovic on May 3, 2005. He noted she began having numbness and tingling in her hand and arm after her accident and had persistent pain and discomfort since the accident. He diagnosed ulnar neuropathy (diseased ulnar nerve) probably at her wrist but possibly at her elbow. On December 8, 2005, Dr. Leibovic determined that Conway was disabled from her pre-injury occupation. He directed limited use of her left hand, no repetitive movements, and lifting no more than 5 pounds. Dr. Leibovic testified at his deposition her ulnar neuropathy was "probably" related to her accident but he needed to do further investigation to determine what was causing the ulnar neuropathy. Dr. Leibovic limited Conway to an average of less than about 1200 keystrokes per hour for both hands. He also testified that he would need an ergonomic assessment of her work environment to determine if she could perform her pre-injury duties.

Based on Dr. Constantine's release of Conway to full duty as of May 10, 2005, the deputy commissioner terminated the claimant's benefits under her prior award. Conway did not appeal that decision. The deputy commissioner further found, based on the opinion of Dr. Leibovic, Conway was unable to perform her pre-injury job as of December 8, 2005. The deputy commissioner awarded her continuing temporary partial disability benefits. That award was upheld by the commission. Collegiate Funding appealed the commission's decision asserting that Conway failed to prove her disability was causally related to her accident.

## II. ANALYSIS

On appeal, we defer to the commission in its role as fact finder. VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002). "If supported by credible evidence, the

factual findings of the commission are binding on appeal." Tomes, 39 Va. App. at 430, 573 S.E.2d at 315 (citations omitted). The commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983).

Collegiate Funding argues that Conway failed to prove "her current disability was causally related to her compensable accident."[1] "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989) (citation omitted). There was credible evidence to support the commission's finding that Conway's disability was causally related to her compensable accident. Her medical records reflected continuing problems with her left hand and elbow since the date of the accident. Dr. Leibovic testified that her disability was "probably" related to her accident. "A doctor's statement that a certain condition is probably connected to the injury means there is a reasonable likelihood of causation, which 'is sufficient to permit a trier of fact to accord the statement probative weight.'" Marriott Int'l, Inc. v. Carter, 34 Va. App. 209, 215, 539 S.E.2d 738, 741 (2001) (quoting Cook v. City of Waynesboro Police Dep't, 225 Va. 23, 30, 300 S.E.2d 746, 749 (1983)).

---

[1] Collegiate Funding also argues in the body of the argument section of its brief Conway failed to prove she could not perform her pre-injury employment and she failed to market her residual capacity. However, Collegiate Funding did not include in its brief a question presented related to either one of these arguments. The sole issue contained in the Question Presented is whether the "[c]ommission erred in finding that the claimant proved that the medical restrictions imposed upon her by Dr. Leibovic on December 8, 2005 were causally related to her compensable accident; and in awarding the claimant wage indemnity benefits as of such date." We will not address the additional arguments on appeal. See Rule 5A:20(c)-(e); Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (finding "an issue [was] not expressly stated among the 'questions presented,' . . . we, therefore, decline to consider [it] on appeal").

In view of such credible evidence, we will not disturb this factual finding on appeal.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>